No. 2329.

## R. K. CHATHAM & CO. v. R. F. JONES.

1. NEGLIGENCE.—Whether the existence of negligence shall be determined as a conclusion from a given state of facts is a matter of fact to be determined by a jury, unless the things done or omitted are so palpably in disregard of common prudence that a court would not hesitate to say that they constitute negligence.

2. SAME.—It can not be said as matter of law that the failure of a contracting party to read a written contract which he has signed was negligence when though able to read he could not do so without the use of spectacles, which he did not have, and when he relied on the false representations of the other party as to the contents of the written contract.

3. WAIVER.—When a written contract has been fraudulently written or changed so as to permit the delivery of specific articles at a latter date than that really agreed on by the parties, a waiver of claim to have them delivered at the true date will not bind the one who is to receive to wait for delivery until the date fraudulently inserted, unless it be made clear that the waiver was thus understood by both parties.

4. EVIDENCE.—When one attacks a written contract by sworn plea of *non est factum*, on the ground that the contract, though signed by him, did not express the real agreement, he being unable to read it, and that it

was fraudulently written, it is not improper to permit him to testify that he would not have signed the written contract if he had known its contents.

5.—DAMAGES.—One may recover as damages for a breach of contract requiring the delivery of specific articles on a day certain, when time is of the essence of the contract, such expenses as a man of ordinary prudence would incur in preparation to receive them, acting in the belief that they would be delivered.

6. EVIDENCE.—Though, as a general rule, all previous conversations and agreements pertaining to a contract, which is finally reduced to writing, are merged in the written contract and can not be given in evidence to vary its terms, yet when the written contract is attacked for fraud, as having been fraudulently written and thus signed by one unable to read it, he may introduce testimony of a parol agreement between the parties before the contract was reduced to writing, as a circumstance to establish the fraud.

APPEAL from Brazos. Tried below before the Hon. Norman G. Kittrell.

The opinion states the case.

*Spencer Ford*, for appellants: If appellee, having an opportunity and the ability to read the contract, chose to sign it without reading it, there being no fraud practiced upon him to procure his signature, he is bound by the contract as signed, and estopped by his negligence from avoiding it. (McKinney v. Hunch, 66 Iowa, 414 (23 N. W. Rep., 767); Wallace v. Chicago, etc., 67 Iowa, 547 (25 N. W. Rep., 772). On the question of waiver, he cited, 2 Willson's Civil Cases, section 395. On alleged error in permiting evidence of intention in signing the contract, he cited, Dillon v. Anderson, 43 New York, 236. On the measure of damages, he cited, 1 Sutherland on Damages, 149; 2 Sutherland on Damages, 161; Dillon v. Anderson, 43 New York, 237; Railroad v. Gilmore, 62 Texas, 391; Blanton v. Mays, 58 Texas, 428; Belcher v. Fox, 60 Texas, 531; Railroad v. Rider, 62 Texas, 270; Railroad v. Faber, 63 Texas, 344.

*K. R. Crig* and *Henderson & Butler*, for appellee.

MALTBIE, PRESIDING JUDGE. The appellants brought this suit to recover damages for the alleged breach of a written contract for the delivery of machinery at McKinney, Texas, to be used by appellee in operating a gin, seven and a half miles from that

place. The contract as appeared in evidence provided that the machinery should be delivered on or about September 1, 1884. But appellee claims that the contract was for delivery on the twentieth of August; that it was reduced to writing by appellants' agent; that appellee was unable to read it, and that said agent read it to appellee, that the said machinery should be delivered at McKinney on the twentieth of August, 1884. The contract, which was in the form of an order, was sent to the the appellants at Bryan, to be filled by them. Appellee went to McKinney on the twentieth of August, and for several succeeding days, for the purpose of receiving the machinery. Appellants, upon being informed that it was the understanding of appellee that the machinery was to be delivered on the twentieth, forwarded portions of it; but the whole being necessary for appellee's purpose, he on the second of September notified appellants that he could wait no longer, and returned the parts of the machinery that he had received. And for this the suit is prosecuted. Appellee claimed that appellants' agent either fraudulently changed the date for the delivery of the machinery, as written in the contract, from August 20 to on or about September 1, or that he fraudulently read it so that the machinery should be delivered on the twentieth of August; that he was thereby deceived and misled; that time was of the essence of the contract and that he was not bound by its terms, as appellants alleged them to be.

Appellants assert "that the court erred in refusing to charge that if appellee had an opportunity and the capacity to read the contract, chose to rely upon what appellants' agent, Stolnacher, said about it, and so choosing, signed it, he is now estopped and precluded by his own negligence from claiming that said contract is not binding on him. Appellee testified that he did not read the contract, because he could not do so without his spectacles; that he did not have them with him; and he could not read without them unless the writing was plain. Whether certain facts constitute negligence, is, as a general rule in this State, a question of fact, however it may be considered elsewhere, the only exception being when the statute declares the act done to be negligence, or it is so clearly contrary to the dictates of prudence, that the court would not hesitate to say that it was negligent. (Texas & Pacific R'y Co. v. James Murphy, 46 Texas, 356.) There is no law of the State declaring the failure to read a contract under the circumstances of this

case negligence and a charge to that effect would clearly be on the weight of the evidence. Whether appellee was guilty of negligence was fairly presented to the jury as a question of fact in the general charge of the court.

It is also asserted that "the court erred in the thirteenth section of its charge, to the effect, that if the jury found that the real contract was for delivery, on August 20, 1884, but that defendant waived the right to have it delivered on that day, and that if plaintiffs delivered the same in a reasonable time after said date, to find for plaintiffs, etc.; because such waiver, if made at all, was a waiver of any claim of fraud or misrepresentation on the part of plaintiffs, and operated as a recognition of the contract as signed, and plaintiffs would have until September 1, 1884, and a reasonable time thereafter to deliver said machinery."

We do not think the fact that defendant waived the right to have the machinery delivered on the twentieth of August can be construed to mean that plaintiffs should have until the first of September and a reasonable time thereafter to make the delivery. The contract was to be performed at the time agreed upon by both parties. The writing was not the contract, but only evidence of it, which might be overcome by proving that it was falsely and fraudulently written, and did not contain the agreement of the parties. There was, in fact, but one contract and one time for the delivery of the machinery. The defendant claimed the twentieth of August to be the time; the charge complained of was given on that theory, and, if correct, which was assumed as a fact, a delivery on the first day of September is eliminated from this phase of the case. The defendant, in a letter of August 23, 1884, addressed to the plaintiffs, uses this language: "If the goods are not here in a few days I will have to buy here, for I can not wait any longer. If you can send them at once do so." Upon this letter the claim of waiver of time of delivery is predicated. It does not appear to us to mean that you may wait until the first of September and a reasonable time thereafter before you need deliver the machinery.

R. F. Jones was permitted to testify, over appellant's objections, that he would not have signed the contract if he had known that the time specified in it for the delivery of the machinery was later than the twentieth of August, which is assigned as error," because the rights of the parties can not be determined and their contracts construed by the secret feelings,

intentions and purposes of one of the parties to it. This proposition may be considered to be sound when the contract has been established, or when its terms are not disputed, but here the issue was whether the defendant executed the written contract, he having impeached it, for fraud, by a sworn plea, denying that he ever assented to its terms; in support of which the testimony would not be obnoxious to the objections urged against its admission.

The fifth assignment is, the court erred in its charge on the measure of damages, in sections 20, 21 and 22; in charging (in 20), that the jury might find, for defendant, the amount expended in preparing to receive the machinery, in hauling the same, in hire of hands, traveling expenses, and the reasonable value of his own time (in 21); that they might find such amount of damages, for defendant, as he had shown that he had suffered in loss of custom by reason of plaintiffs failing to comply with his contract (in 22); that they might find for any excess that defendant had to pay for other machinery over the price he agreed to pay plaintiffs. It is apparent, from the evidence, that the jury found their verdict under section 20, on account of defendant's expenses in preparing to receive the machinery, he having employed wagons, teams and hands for the purpose of transporting it from McKinney, and there being no evidence as to the amount of any other expenditures or losses incurred by him; for which reason there was error in submitting sections 21 and 22 to the jury. The undisputed evidence, however, shows that defendant expended about the sum of one hundred and ninety dollars on account of plaintiffs' failure to deliver the machinery, according to the terms of the contract, as found by the jury, while it only allowed him forty dollars for his damages. We are of opinion that defendant is entitled to recover for a breach of this contract, such expenditures as were rendered necessary thereby, or such as a man of ordinary prudence would have incurred under like circumstances; and that section 20 of the charge of the court should have been qualified to this extent. But no qualification was asked, and as the verdict seems reasonable we do not think that the judgment should be reversed on this account; nor for the giving of sections 21 and 22, because it clearly appears that appellants were not prejudiced thereby.

It is insisted that there was error in permitting the witness Hartin to testify to a conversation between appellee and appellant's agent, Stolnacher, prior to the execution of the contract,

to the effect that appellee informed Stolnacher that he did not want the machinery unless it could be delivered at McKinney by the twentieth of August, and that Stolnacher agreed that if appellee would buy the machinery from appellant, it should be delivered at that time, saying that it was then all on hand at Bryan ready for delivery. While it is well settled that all previous conversations and agreements are merged in the written contract, and are inadmissible to alter or vary its terms, this evidence, we think, is admissible, as a circumstance tending to show that the terms of the written contract were never assented to, and in connection with other evidence to show that the contract was obtained by fraud.

We are of opinion that the evidence in this case supports the verdict, and there being no material error in the record the judgment should be affirmed.

*Affirmed.*

. **Opinion adopted February 18, 1888.**