ELENORA CONN V. JOSEPHINE HAGAN ET AL.

No. 863. Decided February 12, 1900.

**1.  Practice in Supreme Court—Death of Plaintiff in Error.**

Where a plaintiff in error in the Court of Civil Appeals died after decision was rendered, a writ of error could be taken out and prosecuted in the Supreme Court in the name of such deceased party, as though death had not occurred. Rev. Stats., arts. 793, 1026, 1409. (Pp. 337, 338.)

**2.  Deed of Trust—Reformation of Contract—Fraud.**

Reformation of a deed of trust obtained by fraudulently representing that it covered less land than was in fact included may be had after sale of all the land under the power and its purchase by the mortgagee, by permitting the mortgagee so purchasing to recover the part intended to be included, leaving the title to the rest in the mortgagor. (Pp. 338, 339.)

**3.  Fraud of Agent—Principal Bound.**

The lender of money is bound by the fraud of agents effecting his loan upon mortgage, in misrepresenting to the borrower the contents of the instrument, though they were authorized to loan only upon security to be approved by another agent of the lender, who passed on the security without knowledge of any fraud affecting its validity. (P. 339.)

**4.  Same—Equity—Tendering Debt.**

Plaintiff seeking reformation of a trust deed securing borrowed money and covering property inserted through fraud of the lender's agent contrary to the borrower's intention, can not be compelled to repay the borrowed money as a condition of reforming the deed. (P. 339.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The suit was brought by Josephine Hagan, who recovered in the trial court. Defendant appealed and on affirmance of the judgment obtained writ of error.

*Harris, Etheridge & Knight*, for plaintiff in error—It is a rule of universal application, whether the principal be disclosed or not at the time of entering into the contract, that the principal is affected by and is subject to every defense which the other party may have, based upon such fraud, imposition, misrepresentation, concealment, or other misconduct of the agent as is, either by prior authorization or subsequent ratification, properly chargeable to the principal as having been done or committed by the agent within the scope of his authority, although the principal himself may have been entirely innocent. Mecham on Agency, sec. 775, and cases cited under note 5; 2 Pomeroy's Equity, sec. 909.

As the execution of the purported deed of trust was induced by the fraudulent device of the agent of defendant in error, the minds of the parties did not meet and no agreement was consummated, and there being no intervening rights of third parties or innocent purchasers, such purported deed of trust should be reformed or set aside, as the facts of the case require. Link v. Page, 72 Texas, 592, and cases cited.

The court erred in directing a verdict for the plaintiff upon the ground that the defendant's plea to reform the deed of trust could not avail her in the absence of the tender of the money borrowed, for the reason that, whilst the plaintiff herself personally was innocent of the fraud perpetrated upon the defendant, yet she was in law affected by the fraud of her agent, Bolanz, and being in law chargeable with the fraud and deceit which was practiced upon the defendant by Bolanz, the plaintiff had no right to require of the defendant a restoration of the money borrowed, and the disclaimer of the defendant to the portion of the land which was in truth and in fact intended to be embraced in the deed of trust, was the doing of equity by the defendant, and her inability to otherwise put the plaintiff in statu quo was fully shown.

The maxim that he who seeks equity must do equity has no application to this case, in that plaintiff in error did not affirmatively invoke the powers of a court of equity, but only sought to show defensively that it was inequitable for defendant in error to recover more than a specific portion of the land sued for by her.

*Sam T. Watts*, for defendants in error.—In reference to the particular transaction Duncan was the sole and only agent of Mrs. Hagan authorized to approve the security offered for the loan; and it is not claimed that either Duncan or Mrs. Hagan was guilty of any misrepresentation or fraud in the matter.　Hagan v. Conn, 40 S. W. Rep., 18.

In regard to the security and preparation of the papers Bolanz was the agent of Mrs. Conn, and not the agent of Mrs. Hagan.　Hagan v. Conn, Supra; Telegraph Co. v. Edsall, 63 Texas, 677; Insurance Co. v. Brown, 82 Texas, 636.

The undisputed evidence shows that Mrs. Conn was guilty of gross negligence in executing the deed of trust upon the faith of which she obtained and secured Mrs. Hagan's money; and is estopped from claiming that she did not understand the same.　Perez v. Everett, 73 Texas, 431; Railroad v. Shirley, 45 Texas, 377; Moore v. Giesecke, 76 Texas, 543; May v. Town Site Co., 83 Texas, 504; Link v. Page, 72 Texas, 592.

As Mrs. Hagan and her agent Duncan were wholly innocent of any deceit or fraud upon Mrs. Conn, the latter must restore the status quo before she would be entitled, if at all, to the relief sought by her. Hagan v. Conn, supra; Perez v. Everett, supra; Roberts v. Lovejoy, 25 Texas Supp., 437; Rand v. Webber, 64 Maine, 191; Jewett v. Petit, 4 Mich., 508.

As the said Elenora Conn died before the petition for a writ of error was filed in the Court of Civil Appeals, that proceeding is void, and this court acquired no jurisdiction of the matter by reason of the petition filed in the name of the dead woman.　Constitution, art. 5, sec. 3; Rev. Stats., arts. 942, 945, 1409; Wood v. Yarbrough, 41 Texas, 540; Hohenthal v. Turnure, 50 Texas, 1.

BROWN, ASSOCIATE JUSTICE.—On April 14, 1896, Josephine Hagan et al. brought suit in the District Court of Dallas County to recover of Elenora Conn, who was then in actual possession of it, a part of block number 791/3 in the city of Dallas. Mrs. Conn pleaded not guilty, and, by special plea, set up that the plaintiff claimed title to the property under a deed of trust executed by the defendant to secure a loan of $1000 from the plaintiff and a sale under the deed of trust and purchase by the plaintiff, Mrs. Hagan. It was alleged that Murphy & Bolanz were the agents of Mrs. Hagan to lend the $1000 and to take security therefor, and that Bolanz agreed with Mrs. Conn to lend her the $1000 on 56x133 feet off the said block, which did not include all of the land sued for by the plaintiff. That to secure the said money, the defendant executed a deed of trust, as before stated, upon the representation of Bolanz that the deed of trust only embraced the 56x133 feet, and she stated the special circumstances under which she failed to read the deed of trust and her reliance upon the representations made to her by Bolanz. The pleading was sufficient to admit the evidence hereafter stated.

The undisputed evidence showed that Mrs. Hagan placed $1000 in the hands of Murphy & Bolanz to be loaned at interest, and that she arranged with S. W. S. Duncan, her friend, to pass upon such security as Murphy & Bolanz might take for the said debt; that Murphy & Bolanz were not to let the money out except upon security approved by Duncan. Murphy & Bolanz made the loan to Mrs. Conn, taking a deed of trust upon the land to secure the note, and submitted, before the deed of trust was taken, the security to Duncan, who approved it as it was embraced in the deed of trust. The land was then worth $3000. Mrs. Conn did not know that Duncan had anything to do with the loan or with the approval of the security. Mrs. Conn made default in the payment of the note and the land was sold under the deed of trust and bought in by Mrs. Hagan for $500, who brought this suit to recover the whole of the land described in the deed of trust. The proof was sufficient to have justified the jury in finding a verdict sustaining the pleadings of the defendant; that is, that Bolanz, at the time the agreement was made for the loan, agreed to take the deed of trust upon 56x133 feet, for which Mrs. Conn entered the disclaimer, and that when the deed of trust was presented to Mrs. Conn for signature, she was at the office of Murphy & Bolanz without her reading glasses and with only long distance glasses on by which she could scarcely read, and that Bolanz represented to her that the deed of trust embraced only the 56x133 feet. Relying upon this representation by Bolanz, Mrs. Conn signed the deed of trust without reading it, believing that it conveyed 56x133 feet, and she did not know that it embraced other property until after the sale had been made under the deed of trust. At the time the loan was negotiated and when the deed of trust was given, Mrs. Conn was living upon the property as her homestead and continued to reside upon it up to the time of the suit.

The trial court instructed the jury to find a verdict for the plaintiff, Mrs. Hagan, for all of the land, which was done and judgment rendered against Mrs. Conn, who took a writ of error from the judgment of the District Court of Dallas County to the Court of Civil Appeals, which writ was duly perfected, bond given, and writ of error served, and the case was tried in the Court of Civil Appeals and affirmed against Mrs. Conn, who filed a motion for rehearing, which was over-ruled, and, a few days before the application for writ of error in this case was filed in the Court of Civil Appeals, Mrs. Conn died. The defendant in error files a motion in this court to dismiss the writ of error because Mrs. Conn was dead at the time the application for the writ was filed in the Court of Civil Appeals.

Article 1409 of the Revised Statutes, embraced in the chapter which provides for writs of error and appeal from the district court to the Court of Civil Appeals, is in this language: "In case of the death of any party entitled to an appeal or writ of error, the same may be taken by his executor, administrator, or heir." This provides for a case in which the party dies after judgment in the District Court and authorizes the executor, administrator, or heir to prosecute an appeal or writ of error from such judgment to the Court of Civil Appeals. Article 1026 of the Revised Statutes, embraced in the chapter which regulates proceedings in courts of civil appeals, reads thus: "If any party to the record in any cause hereafter taken to the courts of civil appeals, by appeal or writ of error, or transferred from the Supreme Court or courts of appeals, shall have died heretofore, or shall hereafter die, after the appeal bond has been filed and approved, or after the writ of error has been served, and before such cause has been decided, such cause shall not abate by such death, but the court shall proceed to adjudicate such cause and render judgment therein as if all parties thereto were still living, and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto." This article provides for a case where the jurisdiction of the Court of Civil Appeals has attached by the giving of bond or the service of the writ of error, and the party appealing or suing out writ of error dies subsequently thereto, before the Court of Civil Appeals has disposed of the case, in which event that court will proceed with the trial as if the party were still living.

In title 27, chapter 10, Revised Statutes, regulating proceedings in the Supreme Court, article 973 is embodied in these words: "If any party to the record, in any cause now pending in or hereafter taken to the Supreme Court or Court of Civil Appeals, by appeal or writ of error, shall have died heretofore, or shall hereafter die, after the appeal bond has been filed and approved, or after the writ of error has been served, and before such cause has been decided by the Supreme Court or courts of civil appeals, such cause shall not abate by such death, but the court shall proceed to adjudicate such cause and render judgment therein

as if all the parties thereto were living, and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto." This article makes provision for cases which were to be transferred from the Supreme Court to the courts of civil appeals upon their organization in which the party appealing or suing out writ of error had died previously to the transfer or might subsequently die after the transfer to the Court of Civil Appeals, and for cases that might thereafter be carried to the courts of civil appeals by appeal or writ of error and wherein the parties might die after the appeal had been perfected by giving the bond or the writ of error to the Court of Civil Appeals had been served; in either case, if the party should die at any time before it was disposed of in the Court of Civil Appeals or in the Supreme Court, the proceedings would continue in the Supreme Court just as if the party were still living. Mrs. Conn having perfected her writ of error to the Court of Civil Appeals before her death, the suit did not abate but could be prosecuted on error to this court by application in her name after her death just as the proceedings could have been had in the Court of Civil Appeals if her death had occurred before the entry of judgment against her in that court. This conclusion is confirmed as the proper construction of these statutes by the fact that there is no provision in the law for making the representatives of parties who die after the perfection of the appeal or writ of error from the district court parties to the proceeding at any subsequent stage. The motion to dismiss the writ of error is overruled.

In determining the correctness of the judgment of the trial court in this case, we must take the testimony of Mrs. Conn and her witnesses as being true, and, if the facts detailed by them gave her a right to have the deed of trust reformed, then the judgment of the court below must be reversed. The evidence would have justified a jury in concluding that Mr. Bolanz fraudulently misrepresented the contents of the deed of trust to Mrs. Conn, and, through her confidence in him, procured her to sign it without reading. This would be a case in which Mrs. Conn signed the deed under mistake through the fraud of the representative of Mrs. Hagan. Of such a transaction, Pomeroy says: "Where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining party, the instrument may be made to conform to the agreement or transaction entered into according to the intention of the parties." 3 Pomeroy, Eq. Juris., sec. 1376, p. 2120.

If the deed of trust had been written according to the agreement, as testified to by Mrs. Conn, 56x133 feet of the land would have been subject to the lien and could have been sold for the payment of the debt. Mrs. Conn disclaimed as to that much of the land, conceding that Mrs. Hagan had acquired title thereto, and this was doing equity in the case, because it placed the parties in exactly the position that they would have been if the fraud had not been perpetrated. 2 Pomeroy, Eq. Juris., sec. 910, p. 1285; Neblett v. McFarland, 92 U. S., 101; Otis v. Gregory, 111 Ind., 508. The defendant in error claims that Mrs.

Conn was guilty of negligence in signing the deed of trust without reading it, and that therefore the court ought not to reform the instrument according to her testimony. If the failure to read the instrument was unexplained and there was no reasonable excuse for it, this proposition would be correct, but, when the party is mislead by the fraudulent representation of the other party and caused, by confidence in such person and his representations, to sign the instrument without reading it, this does not constitute such negligence as will deprive the maker of the instrument of equitable relief from the consequences of the fraudulent representation. Chatham v. Jones, 69 Texas, 744.

The defendant in error claims that she is not bound by the fraud of Bolanz because his firm was required by private instructions, of which Mrs. Conn had no notice, to submit the security selected by them to Duncan for his approval, but the money was deposited with Murphy & Bolanz to be loaned by them upon security to be selected by them and approved by Duncan; to Mrs. Conn, Murphy & Bolanz were the agents of Mrs. Hagan to inaugurate and complete this transaction. The private instructions given by Mrs. Hagan to her agents can not deprive Mrs. Conn of protection under the apparent authority of Murphy & Bolanz. Mrs. Hagan trusted them to consult Duncan; Mrs. Conn did not.

The honorable Court of Civil Appeals held that Mrs. Conn could not have the deed of trust reformed without returning the $1000 she had borrowed from Mrs. Hagan. According to this ruling, although the deed of trust, if prepared according to the real agreement, would not have held a lien upon the land outside of the 56x133 feet, yet Mrs. Conn must submit to the fraudulent conduct of the agent of Mrs. Hagan and restore the $1000 borrowed, which was not intended to be a lien upon the bulk of the land, and thus concede the only question in issue in order to secure the empty right of reforming an instrument, which would have been satisfied by the payment of the debt. What benefit could it be to Mrs. Conn to have the deed of trust reformed so as to relieve her home place of the incumbrance after the debt itself had been discharged and there could be no incumbrance remaining? Equity does not require the defrauded party to surrender to the perpetrator of the fraud the substance of the controversy in order to have the instrument reformed, but requires that the concession shall extend to placing the opposing party in the position that he would have occupied if the instrument had been written according to the agreement. If the substance of the controversy must be conceded, fraud would be more secure than honesty, and would be protected by courts of equity in a most effectual way.

The trial court erred in giving the instruction to the jury to find for the plaintiff and the Court of Civil Appeals erred in affirming the judgment of that court. It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and the cause remanded.

*Reversed and remanded.*