GRANGER v. KISHI.

(Court of Civil Appeals of Texas. Galveston. Jan. 16, 1913.)

1. CONTRACTS (§ 346*)—BREACH—PLEADING.
Where, in an action for breach of a contract to furnish water to irrigate plaintiff's rice crop, his petition did not allege whether the contract was oral or in writing, plaintiff could recover on proof of a contract, written or oral, substantially embodying the terms of the contract alleged.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

2. CONTRACTS (§ 346*)—BREACH—NATURE OF CONTRACT—PROOF.
Where, in an action for breach of a contract to furnish water to irrigate plaintiff's rice crop, the petition did not allege whether the contract was oral or in writing, and an alleged written contract pleaded by defendant was not introduced in evidence, nor its execution by plaintiff admitted or proved, it was error to direct a verdict for defendant on the ground that, it appearing that the contract sued on had been reduced to writing, plaintiff, having failed to introduce the written contract, could not recover.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

3. CONTRACTS (§ 346*) — BREACH — TRIAL — WRITTEN CONTRACT—EVIDENCE.
Whether a written contract was obtained by fraud and misrepresentations by defendant's agent, and the extent to which such contract changed or affected the rights of the plaintiff under his original oral contract, as alleged in plaintiff's reply, were issues which could only be raised when the written contract was introduced in evidence, and, the court having admitted parol evidence of the original contract, plaintiff was entitled to recover, unless the subsequent written one was executed under such conditions as to be binding on him.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

4. CONTRACTS (§ 245*)—BREACH—SUBSEQUENT WRITTEN CONTRACT—EFFECT.
Where a subsequent written contract was executed after the breach by defendant of a prior oral contract had accrued, the subsequent written contract would not bar plaintiff's right to recover damages for such prior breach, unless by express terms or necessary implication it showed that the parties intended such to be its effect.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1129, 1130; Dec. Dig. § 245.*]

5. CONTRACTS (§ 94*)—EXECUTION—WRITTEN CONTRACT—FRAUD.
Where plaintiff and defendant had made an oral contract, plaintiff would not be bound by any change made by a written contract subsequently presented to him for signature, and which he signed relying on the representations of defendant's agent that it did not in any way change the original one.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430; Dec. Dig. § 94.*]

Appeal from District Court, Orange County; W. B. Powell, Judge.

Action by Tresimore Granger against K. Kishi. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

See, also, 139 S. W. 1002.

J. T. Adams, of Orange, and W. O. Huggins, of Houston, for appellant. O. R. Sholars and Bisland & Bruce, all of Orange, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against the appellee to recover damages for the alleged breach by appellee of a contract to furnish sufficient water to irrigate a crop of rice planted by appellant in the season of 1908 on a farm of 100 acres in Orange county contiguous to an irrigating canal owned and operated by appellee during said year. After alleging the execution of the contract sued on and its breach by appellee, the petition alleges that, by the fail-

ure of appellee to furnish water in accordance with the terms of the contract, a large portion of appellant's rice crop perished, and that the difference in the value of the crop raised by appellant and the crop he would have raised if appellee had complied with his contract to furnish water for said crop amounted to the sum of $5,606, for which amount appellant prayed judgment. The substance of the answer of defendant, in addition to a general denial, and of the replication of plaintiff, is correctly stated in appellant's brief as follows: Appellee (defendant) answered, alleging that the contract declared upon by appellant was on the 17th day of July, 1908, reduced to writing, and that said contract and all parol agreements and matters relating thereto became merged in said written contract. The written contract was attached as an exhibit to appellee's answer. Appellee alleged that by the terms of said contract any recovery of appellant was specifically limited to $4 per acre for each acre planted in rice. Replying to said answer, appellant alleged that his cause of action accrued before the execution of said written contract, his rice crop having already been burned and destroyed before the execution of same, and, further, that long prior to the execution of said written contract, to wit, in December, 1907, he entered into the contract by virtue of which appellee undertook and bound himself to water said rice crop, and that he planted his crop and cultivated same in reliance upon said contract, and by the terms thereof the liability of appellee in the premises was not limited in any way, that on the said 17th day of July, 1908, the agent of appellee presented said written contract to him for his signature and represented to him that it merely reduced to writing the contract theretofore entered into between them, and appellee expressly undertook to state the contents of same to appellant, but did not inform him that same contained a clause limiting the liability of appellee in the premises, and appellant did not read same, but relied upon the truthfulness of appellee in stating the contents thereof to him, and, in reliance thereon, was induced by appellee to sign said contract, and, if same is found to contain a clause limiting the liability of appellee in the premises to $4 per acre, same is wholly inconsistent with said statements and representations of appellee, and said statements and representations were falsely and fraudulently made with the intent to deceive appellant in inducing him to sign said written contract, and did induce him to do so. Wherefore appellant sought to avoid the effect of said clause limiting the liability of appellee because of said fraud.

Upon the trial of the cause appellant introduced evidence sufficient to establish the contract alleged by him, which was made in December, 1907, its breach by the appellee, and the consequent damage to appellant's crop in the amount alleged in the petition. On cross-examination appellant admitted that he had entered into a written contract with appellee in July, 1908. Appellee then objected to all of the testimony in regard to the oral contract which was made in December, 1907. The objection was overruled by the court.

Appellant also testified that all of the damages to his crop alleged in his petition accrued before his oral contract with appellee was merged into a written contract. Appellee offered no evidence, and, after appellant had introduced the evidence before stated, moved the court to instruct the jury to return a verdict for the defendant, on the ground that the evidence having shown that the contract sued on was reduced to writing subsequent to its execution, and plaintiff having failed to introduce said written contract in evidence, there was no evidence before the court on which plaintiff could recover. This motion was granted, and, upon return of a verdict in accordance with the requested instruction, judgment was rendered thereon in favor of defendant.

[1] Upon this state of the record, we think the trial court erred in instructing the jury to return a verdict for the defendant. The petition does not declare upon an oral contract, and upon its allegations plaintiff would be entitled to recover upon proof of a contract written or oral embodying substantially the terms of the contract alleged in the petition.

[2] The written contract pleaded by the defendant was not introduced in evidence, and its execution by plaintiff was not proven, nor admitted by plaintiff. If such written contract had been put in evidence and its execution by plaintiff established, unless, as alleged by plaintiff, he executed it relying upon the representations of defendant that it was only a written memorandum of the previous agreement made between the parties, plaintiff could only hold defendant liable under the terms of the written contract.

[3] Whether the written contract was obtained by fraud and misrepresentations on the part of defendant's agent, and the extent to which said contract changed or affected the rights of plaintiff under his original contract, were issues which could only be raised when the written contract was introduced in evidence. The court overruled defendant's objection to plaintiff's evidence establishing the original contract as alleged in the petition. This evidence being admitted, unless the subsequent written contract was executed by plaintiff under such conditions as to make it binding upon him, and such written contract changed defendant's liability as fixed by the original contract, plaintiff was entitled to recover upon the original contract. If the court had sustained defendant's objection to the consideration of parol proof of the contract, and plaintiff had then failed

to introduce the written contract, and said contract was not in evidence, defendant would have been entitled to a verdict. But to overrule defendant's objection to the parol evidence and, after allowing plaintiff to prove his contract in that way, to instruct the jury to find for the defendant on the ground that parol proof of the contract was inadmissible, was clearly unfair to plaintiff, and such ruling cannot be sustained.

[4] If the written contract changed the contract originally made between the parties, such change would not affect plaintiff's right to recover damages sustained by him by reason of defendant's breach of the original contract which accrued prior to the execution of the written contract, unless such contract by express terms or necessary implication showed that the parties intended it to limit plaintiff's right to recover damages already sustained for breach of the original as well as damages that might be thereafter sustained by defendant's breach of the written contract. Railway Co. v. Harris, 110 S. W. 145; Cattle Co. v. Balfour, 146 S. W. 674; Simpkens on Contracts (1910 Ed.) par. 3.

[5] Plaintiff would not be bound by any change that the written contract made in the original contract if he signed the written contract without reading it, and relying upon the representations of the defendant's agent that it did not, in any way change the original contract, and it follows that evidence would be admissible to show that such representations were made and that it was relied upon by plaintiff. Chatham v. Jones, 69 Tex. 744, 7 S. W. 600; American Land Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 384.

What we have said disposes of all the material questions presented by this appeal.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.