## COOPER GROCERY CO. v. ROWNTREE et al. (No. 57.)

(Court of Civil Appeals of Texas. Waco. March 15, 1924. Rehearing Denied April 10, 1924.)

**1. Contracts ⬅=155 — Instrument construed most strongly against party writing same.**

An instrument is construed most strongly against the party writing same.

**2. Contracts ⬅=29, 176(1)—Whether minds of parties met or instrument embraces entire agreement questions of fact.**

Whether the minds of parties to a contract met when the instrument was signed, or whether it embraced their entire agreement, are questions of fact.

**3. Contracts ⬅=100—Whether agreement obtained by fraud question of fact.**

Whether an agreement was obtained by fraud, either actual or constructive, is one of fact for the jury to decide.

**4. Guaranty ⬅=91 — Evidence held to sustain finding of jury that parties intended and guarantee represented that guarantor's liability would be limited to certain sum.**

In an action on a contract guaranteeing the payment of merchandise, evidence held to sustain a finding that both seller's agent and defendant agreed that the total amount of the guarantee, including the indebtedness when signed and future purchases, was to be limited to $600, and that seller's agent prevented defendant from having an opportunity to read the contract before he signed the same, and that he represented that defendant's liability was only for $600, and that defendant signed the contract relying on such representations.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by the Cooper Grocery Company against Lucas Rowntree and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Sleeper, Boynton & Kendall and G. W. Smith, all of Waco, for appellant.

J. D. Williamson, of Waco, for appellees.

BARCUS, J. Rowntree Bros., a partnership composed of Carlie and Max Rowntree, were indebted to appellant for $4,500 besides interest and attorney's fees, evidenced by their promissory notes dated July 1, 1919. Appellant filed suit against them to recover thereon, and sued Lucas Rowntree, alleging that he was liable for said amount by reason of a certain guarantee contract which appellee had signed on May 24, 1915, the material part being as follows:

"In consideration of the sale of any kind of merchandise by the Cooper Grocery Company to Rowntree Bros., I, we, or either of us hereby guarantee to them and their assigns, unconditionally, the payment of any indebtedness of said Rowntree Bros. to the said Cooper Grocery Company, now residing and doing business in the city of Waco, county of McLennan, state of Texas, not exceeding the sum of $600, and any indebtedness created on this day or hereafter until notice in writing."

At the time the guarantee contract was signed Rowntree Bros. were indebted to the Cooper Grocery Company for a sum between $500 and $600; the exact amount not being shown.

The contention of appellant is that the guarantee made by Lucas Rowntree in May, 1915, guaranteed the payment of the notes given in July, 1919.

A judgment was rendered against Rowntree Bros. for $6,791.45, the amount of principal, interest, and attorney's fees due on the notes sued on. No appeal is taken from this portion of the judgment. Lucas Rowntree as a defense alleged that, at the time he executed the guarantee contract, H. W. Carver, the agent and one of the officers of appellant, came to him at Rowntree Bros.' store in Bartlett, Tex., and asked him to sign a guarantee contract for $1,000, which he declined to do; and it was finally agreed that he would sign a guarantee contract for $600, and no more, same being sufficient to cover the then indebtedness of Rowntree Bros. to appellant; that Carver prepared the guarantee contract; and that it was the understanding and agreement between him and Carver that the contract as signed only bound and obligated him to pay $600; that he relied upon the statements of Carver that under the terms of the contract he would not be bound for more than $600; that he did not read the contract; and that, if the contract provides for the payment of more than $600, or can be construed as binding him for the payment of more than said amount, same was obtained by fraud and misrepresentations on the part of Carver; that same was signed on the positive and absolute representations made by Carver, as the agent and officer of appellant, that the force, effect, and condition of the contract as signed was to bind him for only $600.

---

The cause was submitted to a jury on special issues. The jury found that it was understood and agreed by both Carver and Lucas Rowntree that the total amount of the guarantee, including the indebtedness when signed and future purchases,. was to be limited to the sum of $600, and that Carver prevented Lucas Rowntree from having an opportunity to read the contract before he signed same; that Carver represented to Lucas Rowntree that by the signing of such guarantee contract his liability to the Cooper Grocery Company was for only the sum of $600; and that Lucas Rowntree signed the contract, relying upon the representations made to him by Carver that his liability was limited to said sum. It was an admitted fact that at the time the contract was executed Carver was the agent and one of the active officers of appellant.

Based on the findings of the jury and additional findings by the court, judgment was rendered for appellant against Lucas Rowntree for $678, being the principal and interest due on the guarantee contract. It is from this portion of the judgment that appellant has appealed.

Appellant contends that, since the guarantee contract on its face provides that Lucas Rowntree guarantees the entire indebtedness of Rowntree Bros. that was due in 1915, as well as all other sums that might become due thereafter, he is bound by said written contract, and cannot by parol testimony vary the terms thereof or impeach its integrity; that as men bind themselves so are they bound; that since the evidence shows Lucas Rowntree was a business man of long experience, able to read and write, he did not have any right to rely upon any representations made to him by Carver; and that by signing the instrument he became bound as per its terms, regardless of any representations made to him by appellant at the time same was signed.

Appellee Lucas Rowntree contends that the guarantee contract on its face does not bind him to pay more than $600, and, if it should be construed that said contract does bind him for more than said amount, that each of the parties at the time same was signed understood and construed the contract to mean that it only bound him to pay $600, and, if the contract does bind him for more than $600, same was obtained by the fraudulent representations made by Carver to him at the time he signed same; that he signed it relying upon the representations made by and the construction placed thereon by Carver, to the effect that it did not bind him for more than $600. The jury in their findings found all of the issues in favor of the contention of appellee.

[1-3] As a general rule, men are bound by contracts as they make them. It is a well-settled principle of law that an instrument is construed most strongly against the party writing same. If the minds of the parties did not meet, and an instrument was signed that did not embrace their agreement, or if same was obtained by fraud, either actual or constructive, courts of equity have always given relief where no third parties were involved, and these are questions of fact. Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; Chatham v. Jones, 69 Tex. 744, 7 S. W. 600; Conn v. Hagan, 93 Tex. 334, 55 S. W. 323.

[4] The evidence in this case was very conflicting as to the representations and statements made by Carver to Lucas Rowntree when the instrument in controversy was signed. The instrument is so drawn that an ordinary person could be easily misled as to its meaning. The jury having passed on the question as to what was the intention of each of the parties at the time they signed the contract and the interpretation they placed thereon, and having found that not only the appellee but the appellant construed the contract at the time it was signed to only bind appellee to the extent of $600, the courts will not place a more harsh or burdensome construction thereon, and will not make a different contract from that intended by the parties themselves.

The jury having determined the issues against appellant, and there being an abundance of evidence to support the findings of the jury, the judgment of the trial court should be and is in all things affirmed.