**Linda B. HANKINS, Appellant,**

v.

**John W. GRIFFITH, Appellee.**

**No. 13–88–200–CV.**

Court of Appeals of Texas, Corpus Christi.

April 27, 1989.

Rehearing Denied July 7, 1989.

William N. Ambler, Corpus Christi, for appellant.

Tom F. Nye, Corpus Christi, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

OPINION

DORSEY, Justice.

Appellee, John Griffith, originally brought suit against appellant, Linda Han-

kins, to collect on a promissory note. Appellant filed a counterclaim to recover damages for assault, invasion of privacy, and personal injuries allegedly resulting from an automobile accident which occurred on July 20, 1984. Appellee filed a motion for partial summary judgment alleging that the claim for personal injuries was barred by release. Both parties then filed a joint motion to dismiss all claims except for appellant's personal injury cause of action. The trial court granted appellee's motion for partial summary judgment on March 17, 1988. Appellant now complains of the court's order by a single point of error. We affirm.

Attached to appellee's motion for partial summary judgment is a copy of a release form which is signed by appellant and reads:

This Indenture Witnesseth that, in consideration of the sum of Two Hundred Fifty Dollars & No/100......... Dollars ($ 250.00 ), receipt whereof is hereby acknowledged, for myself and for my heirs, personal representatives and assigns, I do hereby release and forever discharge .......... John Griffith and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 20th day of July 1984, at or near Tucson, Arizona

To procure payment of the said sum, I hereby declare: that I am more than 18 years of age; that no representations about the nature and extent of said injuries, disabilities or damages made by any physician, attorney or agent of any party hereby released, nor any representations regarding the nature and extent of legal liability or financial responsibility of any of the parties hereby released, have induced

me to make this settlement; that in determining said sum there has been taken into consideration not only the ascertained injuries, disabilities and damages, but also the possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain and indefinite, so that consequences not now anticipated may result from the said accident.

I hereby agree that, as a further consideration and inducement for this compromise settlement, this settlement shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed.

I understand that the parties hereby released admit no liability of any sort by reason of said accident and that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representative might hereafter assert because of the said accident.

I further understand that such liability as I may or shall have incurred, directly or indirectly, in connection with or for damages arising out of the accident to each person or organization released and discharged of liability herein, and to any other person or organization, is expressly reserved to each of them, such liability not being waived, agreed upon, discharged nor settled by this released.

Appellee also submitted the affidavit of Rita Schmidt–Clevenger, wherein the affiant verifies the validity of the release and states that she witnessed appellant sign the form on November 5, 1984. In response to the motion, appellant submitted affidavits executed by herself and her attorney, Peter Steiner. The affidavits and release comprise the only summary judgment evidence before us.

Tex.R.Civ.P. 166a(c) provides that a summary judgment shall be granted when there are no genuine issues of material fact and the movant is entitled to prevail as a matter of law. By his sole point of error, appellant argues that the trial court erred in granting the summary judgment be-

cause of the existence of a fact issue concerning whether the release was procured by appellee's misrepresentations.

Generally, a release is binding unless it is set aside by a showing of fraud, mutual mistake, or lack of consideration. *Tobbon v. State Farm Mutual Automobile Insurance Co.*, 616 S.W.2d 243, 245 (Tex.Civ. App.—San Antonio 1981, writ ref'd n.r.e.). Because these are affirmative defenses in the nature of confession and avoidance, appellant must plead and raise a fact issue as to one of them in order to defeat a motion for summary judgment. *McCall v. Trucks of Texas, Inc.*, 535 S.W.2d 791, 794 (Tex.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.); Tex.R.Civ.P. 94.

█ The record reflects that appellant failed to plead any of the above three defenses. Her counter claim asserts that any release of her claim was "obtained by misrepresentations on behalf of appellee's agents such that [she] was not releasing her whole claim." However, this does not constitute an allegation of fraud since fraud requires proof of not only a false misrepresentation, but also that 1) the representation was made with knowledge of its falsity and as a positive assertion; 2) it was made with the intention that it be acted upon by the party; 3) the party acted in reliance on it; and 4) he thereby suffered harm. *Stone v. Lawyer's Title Insurance Corp.*, 554 S.W.2d 183, 185 (Tex.1977); *McClellan v. Boehmer*, 700 S.W.2d 687, 693 (Tex.App.—Corpus Christi 1985, no writ). Appellant's counterclaim does not assert the existence of the above elements. Since appellant failed to present an issue of fraud by "written motion, answer, or other response," this issue cannot be considered on appeal as grounds for a reversal. Tex. R.Civ.P. 166a(c).

█ Assuming *arguendo* that appellant's misrepresentation claim could be construed as an allegation of fraud, we find that appellant's summary judgment evidence fails to raise an issue of fact as to fraud. The affidavit which appellant executed and attached to her response to the motion for summary judgment reads in pertinent part:

No one at the time I signed this document told me that this was a release of all claims that I had in this case. Indeed Ms. Schmidt–Clevenger told me Allstate would also take care of the medical bills in Tuscon in addition to this $250.00 for services rendered at Memorial. No one told me that this document would release and would apply to all unknown and unanticipated injuries and damages resulting from the accident which occurred on or about July 20, 1984. I fully expected there would be more payments due to my injuries.

I was not given the opportunity to read this entire document as it was only presented with a line to sign my name, which I did.

There is no evidence of a representation to appellant by Schmidt–Clevenger that was shown to be false. In order for the concealment of facts to constitute actionable fraud, the complaining party must show that the defendant had a legal duty to disclose the information. *Moore & Moore Drilling Co. v. White*, 345 S.W.2d 550, 555 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). Here, the fact that appellant's future claims would be barred was set forth in the release form which states:

I hereby agree that, as further consideration and inducement for this compromise settlement, this settlement shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed.

Generally speaking, appellee would have no duty to verbally explain the foregoing provision since it is presumed that a party who signs a contract knows and understands its terms. *Reynolds–Penland Co. v. Hexter & Lobello*, 567 S.W.2d 237, 240 (Tex.Civ.App.—Dallas 1978, writ dism'd). Appellant claims, however, that appellee did not give her the opportunity to read and understand the provision. At issue is whether appellant's affidavit raised a question of fraud in this regard.

We recognize that an action for fraud may lie where one is induced by false state-

ments into signing an agreement without reading it. *See Granger v. Kishi*, 153 S.W. 1161, 1163 (Tex.Civ.App.—Galveston 1913, no writ). However, appellant merely asserts that the form was "presented" to her "with a line to sign [her] name;" her affidavit does not allege that appellee made any false representations designed to prevent her from reading the release.

As appellant failed to meet her burdens of pleading and proof, we conclude that the trial court did not err in granting appellee's motion for summary judgment. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.