## BARCLAY v. FALVEY et al.

### No. 3000.

Court of Civil Appeals of Texas. Beaumont.

Dec. 31, 1936.

Rehearing Denied Jan. 20, 1937.

Slay & Simon, of Fort Worth, Y. D. Mathes, of Houston, and Morris & Darden, of Conroe, for appellant.

Wm. N. Bonner, John & Levy, and Sewell, Taylor, Morris & Garwood, all of Houston, Pitts & Liles, of Conroe, T. E. Humphrey, of Huntsville, Llewellyn & Dougharty, of Liberty, J. J. Collins, of Lufkin, and R. L. House, of San Antonio, for appellees.

WALKER, Chief Justice.

By deed dated 11–26–1927, on the consideration of $4,800, appellant, Ora Lee Barclay, conveyed to appellee, Dr. Thos. S. Falvey, "all that certain tract, lot and parcel of land lying and being situated in the County of Montgomery and State of Texas, out of the Gowan Harris Survey, and being a certain 960 acre tract of land heretofore on the 3rd day of September, A. D. 1892, conveyed to Ora Lee Barclay by her mother, Mary C. Barclay, which said deed

is recorded in Vol. 11, page 570, of the Deed Records of Montgomery County, Texas, to which said deed and the records and the recitals therein contained are herein referred to and made a part hereof for full and complete description of said land." On 12–5–33, this suit was instituted in the district court of Montgomery county by appellant against Dr. Falvey and the other appellees, who hold under him, to correct and reform this deed on allegations that appellant sold and Dr. Falvey bought only an undivided interest of 960 acres out of the Gowan Harris survey; that there was a mutual understanding that the survey contained an excess acreage above 960 acres, and that, by mutual agreement, appellant was to retain title to the excess, and that, through mutual mistake, the deed was written so as to convey the entire survey. It was further alleged that, by its terms, the deed, when construed in the light of the mutual understanding of the parties, conveyed only 960 acres. There were also allegations of trespass to try title and fraud against Dr. Falvey in the execution of the deed. Her prayer was to reform the deed so that it would convey to Dr. Falvey an undivided interest of 960 acres in the survey, and retain in appellant the excess above 960 acres, which she alleged to be 143 acres. Appellees answered by demurrers, general denial, and by special pleas of limitation of four years, etc. Some of the appellees plead purchase in good faith under Dr. Falvey. Dr. Falvey specially pleaded further that, in the event it should be adjudged that there was an excess in the Gowan Harris survey over and above 960 acres, he had the right to purchase the excess on the basis of $5 per acre, the purchase price of the 960 acres, and in connection with this plea he tendered unconditionally into court the purchase price of the alleged excess of the 143 acres at $5 per acre with interest thereon at 6 per cent. per annum from 11–26–1927. Plaintiff filed her supplemental petition on November 12, 1935, in reply to the answers of the defendants, setting up that her cause of action was not barred by the statute of limitation of four years (Vernon's Ann. Civ.St. art. 5529), as alleged by the defendants, for the reason that "she did not discover, nor did she have reason to know or discover, nor did she have information to put her on inquiry, which, if followed, would have lead to the discovery of the fact that there was 1,103 acres of land in the Gowan Harris Survey"; she alleged further that she did not know that there were 1,103 acres in said survey until shortly prior to the institution of this suit, and not more than one year before the filing of her first amended original petition. On trial to a jury, on an instructed verdict, judgment was entered in favor of appellant awarding her the deposit of $5 per acre for the excess of 143 acres, and in favor of appellees for all the land in controversy.

■ Appellant's first point is that the court erred in excluding the testimony offered by her to show that the mutual agreement of the parties, made as the basis for the execution of the deed, was that she was selling and Dr. Falvey was buying only an undivided interest of 960 acres in the Gowan Harris survey, and that by mistake she executed the deed conveying to Dr. Falvey all the survey. She offered testimony fully supporting the allegations of the petition on this ground of recovery, and the court erred in excluding it on the exception that such testimony was irrelevant, incompetent, and immaterial, and sought to vary by parol the terms of the written deed. 6 Tex.Law Rev. 446; Texas Pacific Coal & Oil Co. v. Crabb (Tex. Com.App.) 249 S.W. 835; Alston v. Pierson (Tex.Civ.App.) 158 S.W. 1165; Harry v. Hamilton (Tex.Civ.App.) 154 S.W. 637; Schroeder v. Rosenbaum (Tex.Civ.App.) 21 S.W.(2d) 694; Brown v. Bradley (Tex. Civ.App.) 259 S.W. 676.

■ We also agree with appellant that, on the facts alleged by her and sustained by her proffered but excluded testimony, appellees did not have the election to purchase the excess in the Gowan Harris survey on the basis of the original purchase price for the 960 acres, or on any other basis except with the consent of appellant; but, if there was a mistake in the execution of the deed, her equitable relief was to have the deed reformed to effectuate the actual agreement of the parties; O'Connell v. Duke, 29 Tex. 299, 300, 94 Am.Dec. 282, and Willoughby v. Long, 96 Tex. 194, 71 S.W. 545, are not in point on the facts of this case. In the cited cases the agreement was to convey all the survey; the issue was to recover for the excess. We agree with appellant that Findlay v. State, 113 Tex. 30, 250 S.W. 651, is in point on the issue before us in so far as the vendor was adjudged to have the right to reform the mistake in the deed so as to effectuate the actual intent of the parties,

that is, to convey only the specific acreage agreed upon.

■ But, had the court received all the testimony tendered by appellant, she would not have made out a case for the jury against appellees' plea of four years' limitation. She rested under the burden of going forward with her tender of evidence to the extent of showing not only the right of reformation, but also that this right was not barred by limitation. In answer to this contention, appellant says the court struck her case down before she reached limitation, and that it would have been an idle gesture to proceed with her tender of proof. Courtney Shoe Co. v. Polley (Tex.Civ.App.) 95 S.W. 7, is in point against appellant on this proposition; that was a case of the trial of the right to property levied upon by execution; when the trial court struck down the execution, the plaintiff did not make tender of proof of the issue of fraud, the only contested issue in the case. It was held that the plaintiff should have proceeded with its case even after the execution was excluded. Had the court received all the testimony offered by appellant, and nothing more, appellees would have been entitled to their instructed verdict, because, as a matter of law, their plea of limitation would have been good. To complain of the exclusion of her proffered testimony, she was required to show injury, and she could show injury only by tendering testimony sufficient to toll the running of the statute of limitation, which the excluded testimony clearly established against her and in favor of appellees.

■ But, waiving the point just discussed, appellees would have been entitled to an instructed verdict even if appellant had established as a matter of law every fact alleged in her supplemental petition, in answer to the plea of limitation. She testified that, when she executed her deed to Dr. Falvey, she knew that the Gowan Harris survey contained more than 960 acres; she thought it contained 1,000 acres, and that she was to retain the excess. On the issue of limitation, it was immaterial that the survey contained 1,103 acres. As a matter of law, she was visited with knowledge of the fact that her deed conveyed the entire survey, and since she knew the fact, as of the date of the execution of her deed, that an excess existed which she was to retain, limitation began to run against her right to reform the deed

from the very moment it was executed and delivered. Gulf Production Co. v. Palmer (Tex.Civ.App.) 230 S.W. 1017 (writ refused).

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.