## KAHANEK v. KAHANEK.

### No. 11762.

Court of Civil Appeals of Texas. Galveston.

Jan. 16, 1946.

C. C. Jopling, of LaGrange, for appellant.

Hollis Massey and John A. Hancher, both of Columbus, for appellee.

GRAVES, Justice.

"Appellant filed suit on February 6, 1945, to reform a deed he had executed on the 25th of November, 1929, in favor of appellee. He alleged an agreement that he was to reserve one-half of the royalties on all minerals under the tract of 88.88 acres

of land in Lavaca County, Texas, covered by the deed. The alleged grounds for reformation were: (1) mutual mistake, or, in the alternative, (2) mistake on his part, and fraud on the part of appellee, in failing to bring home to him knowledge of such alleged mistake.

"Appellee pleaded, among other things, general denial and the four-year statute of limitation.

"The case was heard by a jury, and, at the close of the appellant's evidence, the appellee filed a motion for an instructed verdict, or that the court discharge the jury, and render judgment for the appellee.

"The court sustained the motion of appellee, discharged the jury, and rendered a judgment in appellee's favor."

Although this judgment does not specifically so recite, it is apparent that the court so withdrew the case from the jury and rendered its judgment in appellee's favor at the close of appellant's testimony only, upon its conclusion that his declared-upon cause of action had been conclusively shown to be barred by the four-year statute of limitation (Vernon's Texas Civil Statutes, Article 5529) at the time the suit was filed.

Inveighing here against the judgment so adverse to him below, appellant's points of error are, in substance, that the court erred in holding his cause to have been so barred, as a matter of law, as against his right to have it submitted to a jury upon all the issues raised in his favor by the pleadings and evidence, because (1) an issue of fact was raised over whether or not he had used that degree of diligence that a person of ordinary prudence would have used—under the same or similar circumstances—to discover the mistake so alleged by him, between the date of his deed and the date the evidence showed he actually made such discovery; that is, that the deed had not in fact contained the recitation for his benefit of ½ of ⅛ of the minerals in the land; (2) the court further erred in holding that the cited statute of limitation, Article 5529, began to run against him on the date of the execution of his deed, November 25 of 1929; (3) that the court likewise erred in holding that the appellant had been charged as a matter of law, he being the grantor therein, with knowledge of the contents of his deed from the date of its execution, and that it did not contain the agreement he declared upon to have been then made by the parties as to the division of the royalties.

He cites in support, these, among other authorities: Albany City Savings Inst. v. Burdick, 87 N.Y. 40; Chatham v. Jones, 69 Tex. 744, 7 S.W. 600; Commercial Jewelry Co. v. Braczyk, Tex.Civ.App., 277 S.W. 754; Compagnie v. Victoria Mfg. Co., Tex. Civ.App., 107 S.W. 651; Conn v. Hagan, 93 Tex. 334, 55 S.W. 323; Cooper Gro. Co. v. Rowntree, Tex.Civ.App., 260 S.W. 333; Granger v. Kishi, Tex.Civ.App., 153 S.W. 1161; Kelley v. Ward, 94 Tex. 289, 60 S. W. 311, 313; Luginbyhl v. Thompson, Tex. Civ.App., 11 S.W.2d 380; Mason v. Peterson, Tex.Com.App., 250 S.W. 142, 143; Oldham v. Medearis, 90 Tex. 506, 39 S.W. 919; Pomeroy Equitable Jurisprudence, Vol. 2, p. 1748, Sec. 856.

█ It is determined that, in the state of this record, none of appellant's contentions should be sustained. It is found from the transcript and statement of facts, as tending to the contrary, (1) that appellant was shown to have admitted the discovery upon his part of the alleged mistake more than four years prior to the filing of his suit herein—that is, he testified to having discovered that the deed contained no such agreement as he declared upon "about 1940 or 1941", whereas this suit was not filed until February 6 of 1945; it was, therefore, plainly barred by that statute; Collins v. Griffith, Tex.Civ.App., 125 S.W. 2d 419; Jordon v. Concho Theatres, Tex. Civ.App., 160 S.W.2d 275; Neal v. Pickett, Tex.Com.App., 280 S.W. 748.

It is true that appellant's pleading and testimony thereto by himself set up, in avoidance of the rule these just-cited holdings apply, that he and the appellee discussed the absence of such agreement between them before he filed this suit, during which time the appellee admitted such to have been their agreement, and that he had been lulled thereby into a sense of security by appellee's promise then made to him that he would correct such mistake; in other words, that such assurances by the appellee had estopped the latter from pleading the otherwise existing bar of the statute.

█ It indisputably appears, however, that appellant's own testimony further shows that he had last so talked to the appellee about one and a half years prior to

the trial of this cause below—in other words, that he had then unequivocally admitted that there had been a period of at least one year prior to the institution of the suit, during which no one had lulled him into the alleged sense of security. So, during the last year of such period there had been no promise made by appellee to correct any mistake. In such circumstances, the cited holdings declare that the essential elements of an estoppel are not present.

■ It is well settled—as the authorities he so cites make manifest—that the general rule appellant relies upon is to the effect that, in suits to correct a mistake in a deed, the limitation does not begin to run until the mistake is discovered, or should have been discovered by the exercise of such diligence as would have been exercised by a person of ordinary care and prudence; but it is also settled that a distinction has been written into our Texas law under that statute, based upon whether the party seeking to correct the mistake is the grantor or the grantee; the rule being that if such actor be the grantor, then he is charged, as a matter of law, with knowledge of the contents of his deed from the date of its execution, and limitation begins to run against his action to correct it from that date. Barclay v. Falvey, Tex.Civ. App., 100 S.W.2d 791; Gulf Production Co. v. Palmer, Tex.Civ.App., 230 S.W. 1017; Kennedy v. Brown, Tex.Civ.App., 113 S.W. 2d 1018; 17 Texas Law Review, p. 385.

■ Application of the law of diligence in such circumstances is held to have barred the appellant's suit in this instance, because, under the indisputable proof, his deed was of record for a period of more than 11 years prior to his actual discovery of the alleged mistake, and there had been neither concealment of it, nor the exercise of fraud in preventing its discovery.

As indicated, the deed had been executed and delivered on November 25 of 1929, and filed for record on November 26 of 1929; appellant alleged and testified that he dis-

covered the mistake "about 1940 or 1941", and it was agreed upon the trial that appellant would have further testified as follows: "Nothing came up between the date of the deed and the time of the sale of royalties in that section that caused me to suspicion the reservation was not made in the deed."

Notwithstanding such statement, however, it is thought the legal result was, as above held, anyway, for the reason that appellant was not justified in sitting idly by for a period of more than 11 years and making no effort to discover the mistake, when his own deed had been of record and accessible to him during all that period; especially, since there is in this case no allegation or contention upon his part that his appellee-brother made any concealment from him in this respect whatever.

An analogous case upon this feature is that of Kennedy v. Brown, Tex.Civ.App., 113 S.W.2d 1018, by the Amarillo court, writ dismissed. Other holdings to the same effect were made in these cases: City of Goliad v. Weisiger, 4 Tex.Civ.App., 653, 23 S.W. 694; Dunn v. Taylor, 42 Tex.Civ. App. 241, 94 S.W. 347; Kuhlman v. Baker, 50 Tex. 630.

So that, it is held that the overall conclusion of law must be that his declared-upon cause of action was barred: "because (a) appellant was charged with notice of the contents of the deed from the date of its execution, and because (b) appellant filed the present suit more than four years after discovery of the alleged mistake. If so, there can be no question as to whether or not appellant used reasonable diligence to discover the alleged mistake, but if there is a question as to whether or not appellant used reasonable diligence, it is solely a question of law, in view of the lapse of a period of eleven years between the date of the execution of the deed and discovery of the alleged mistake, and therefore there is no question of fact in the case."

The judgment will be affirmed.

Affirmed.