Luther T. McCLUNG et ux., Appellants,

v.

C. A. LAWRENCE et ux., Appellees.

No. 16850.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 13, 1967.

Rehearing Denied Nov. 10, 1967.

Turner & Seaberry, and Virgil T. Seaberry, Jr., Eastland, for appellants.

Sewell & Forbis, and James E. Forbis, Decatur, for appellees.

## OPINION

LANGDON, Associate Justice.

Summary judgment. The plaintiffs, appellants, filed suit for reformation and/or construction of a royalty reservation in a deed which they as grantors executed and delivered to defendants, appellees, on May 14, 1947. The deed was recorded May 16, 1947. It covered 17 separate tracts, each described by metes and bounds, totalling approximately 1800 acres of land. It is undisputed that mineral and royalty interest in some of the tracts was outstanding and was not owned by the plaintiffs at the time of the conveyance to defendants. The parties will be designated as in the trial court.

The deed contains a general warranty clause preceded by the following reservation: " * * * The grantors hereby reserving unto themselves one fourth of all of the oil, gas and/or minerals in on or upon the above described land; however the grantees herein their heirs and assigns are hereby empowered and authorized to lease said land for oil gas or other minerals without the joinder of the grantors herein in making any such lease or leases; and it is expressly stipulated that said grantors their heirs or assigns shall not participate in any bonus or delay rentals paid grantees under any such lease or leases upon the leasing of said land the interest of the said

grantors their heirs and assigns shall be and become a 1/32 (one thirty second) royalty interest under such leases it being the intention hereby to reserve and retain in said grantors a non participating 1/32 royalty interest in and to the oil gas or other minerals in on or under the land hereby conveyed." A reservation clause identical to the one above was contained in the consideration clause of the deed.

The plaintiffs' suit seeks to have the reservation in the deed reformed or else to be construed as reserving, in addition to outstanding minerals and royalties, a full 1/32 non-participating royalty in all of the land involved in the seventeen separate tracts of land, each of which is described by metes and bounds.

Defendants filed a general denial and plead limitation and laches. Both plaintiffs and defendants filed motions for summary judgment. By judgment dated January 20, 1967, the court sustained the motion of the defendants and denied that of the plaintiffs.

We affirm.

■ In suits for reformation the grantor is charged with knowledge of the contents of his deed from the date of its execution, and limitation begins to run against him from such date. Kahanek v. Kahanek, 192 S.W.2d 174 (Galveston, Tex.Civ.App., 1946, no writ hist.); Barclay v. Falvey, 100 S.W. 2d 791 (Beaumont, Tex.Civ.App., 1936, ref.); Gulf Production Co. v. Palmer, 230 S.W. 1017 (Beaumont, Tex.Civ.App., 1921, ref.); Kennedy v. Brown, 113 S.W.2d 1018 (Amarillo, Tex.Civ.App., 1938, dism.); 17 Texas Law Review, p. 385.

■ In the case at bar the record discloses that after the parties had reached an agreement concerning the property in question the plaintiffs, grantors in the deed, consulted attorneys who prepared the deed. Presumably the deed was prepared solely upon the basis of information furnished by the plaintiffs as the defendants were not

present. The deed was executed by the plaintiffs on May 14, 1947 and delivered to the defendants. It was recorded May 16, 1947.

The record does not disclose the date on which plaintiffs filed suit, however, one of the briefs states it was filed on June 20, 1963 and the date was not questioned. The record reflects that depositions were taken on June 5, 1964. Thus, the deed in question was executed, delivered and recorded for a period in excess of 15 or 16 years prior to the institution of the suit.

The plaintiffs had ample opportunity to read and study the deed and to discuss its provisions with the attorneys they engaged to prepare it prior to the time it was executed and delivered by them. Thereafter, the deed was on record and available to them for examination and study at all times. There was no concealment nor the exercise of fraud in preventing discovery by the plaintiffs of the alleged mistake, if any, in the deed. In the language of Kahanek v. Kahanek, 192 S.W.2d 174, p. 176, supra, the appellants were "not justified in sitting idly by for a period of more than 11 years and making no effort to discover the mistake, * * *."

The case of Kennedy v. Brown, 113 S.W.2d 1018 (Amarillo, Tex.Civ.App., 1938, Dism.), supra, involved a contract for the sale of land which provided that the deed should reserve certain mineral rights to the grantor and such reservation was omitted from the deed which was prepared by grantor's attorney. More than nine years after the deed was executed and delivered suit for reformation was filed, contending, as here, that the omission of the reservation from the deed was due to mutual mistake. The court, in holding that the four year statute of limitation applied, stated, "We perceive no reason why appellee should not have discovered the mistake in time to have had it corrected or brought his suit within the period of the limitation provided by the statute." To the same effect see Hogan v. Price, 274 S.W.2d 745 (Texarkana, Tex.

Civ.App., 1954, writ ref. n. r. e.); City of Goliad v. Weisiger, 4 Tex.Civ.App. 653, 23 S.W. 694 (1893); Dunn v. Taylor, 42 Tex. Civ.App. 241, 94 S.W. 347 (1906); Kuhlman v. Baker, 50 Tex. 630 (1879).

■ At one point in their brief the plaintiffs concede that the language of the deed could probably be more exact but that it is clear from such language that grantors sought to reserve a $\frac{1}{32}$ ($\frac{1}{4}$ of the $\frac{1}{8}$ royalty) non-participating royalty interest in such lands. They make no contention that the provisions of the deed are ambiguous. In our opinion the deed on its face is clear and unambiguous and should be construed in accordance with the rule announced by the Texas Supreme Court in the case of Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878 (1940).

The holdings in Benge v. Scharbauer, 152 Tex. 447, 259 S.W.2d 166 (1953), and Mc-Lain v. First Nat. Bank of Fort Worth, 263 S.W.2d 324 (Texarkana, Tex.Civ.App., 1953, ref., n. r. e.), relied upon by plaintiffs, do not in our opinion have any application to the facts involved in this case. In the Benge case, supra, Justice Griffin, at page 168 of 259 S.W.2d, cited the Duhig case, supra, for the proposition that "It is also well settled that where the conveyance represents that the grantor is the owner of a particular interest in property and such interest is conveyed by the deed, the grantor is estopped by his covenant of general warranty to claim that the deed conveyed a less estate than grantor's ownership." He then stated, "Under the decision in Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878, the effect of the deed, by reason of the outstanding $\frac{1}{4}$th interest in the minerals and the general warranty, was that the grantee acquired by the deed the surface and a $\frac{5}{8}$ths mineral interest, and the grantors reserved only a $\frac{1}{8}$th mineral interest. On account of the outstanding $\frac{1}{4}$th mineral interest in third parties the warranty was breached at the very time the deed was executed and delivered, and a $\frac{1}{4}$th mineral interest required to remedy the breach was

taken from what the grantors undertook to reserve to themselves leaving them only a ⅛th mineral interest."

All points of error are overruled and the judgment of the trial court is in all things affirmed.