**McLAIN**

v.

**FIRST NAT. BANK OF FORT WORTH.**

No. 6713.

Court of Civil Appeals of Texas. Texarkana.

Nov. 19, 1953.

Rehearing Denied Dec. 10, 1953.

W. Clyde Hull, Pittsburg, for appellant.

Samuels, Brown, Herman & Scott, William D. Campbell, Ft. Worth, for appellee.

WILLIAMS, Justice.

First National Bank of Fort Worth, as agent and attorney in fact for Royal B. Burnett and wife and Beatrice Armstrong and husband, executed and delivered a deed, dated December 2, 1943, forthwith filed for record, which purports to convey to M. L. McLain and H. R. Cantrell a 180-acre tract of land out of the Hugh Wilson Survey in Wood County in fee simple. It contained a general warranty of title. The deed recites a total consideration of $2700 represented by $500 cash then paid and the execution of certain vendor's lien notes for the balance. After describing the tract by metes and bounds and prior to the habendum and the covenant of general warranty, the deed contains a reservation or exception clause, which reads: "There is reserved for the benefit of grantors one-fourth participating royalty; that is, one-fourth of everything including bonuses and delayed rentals, and one-fourth of one-eighth of the oil produced from the land described herein; and grantors reserve the right of egress and ingress in and to said property to prospect for oil, gas and other minerals; and for the purpose of mining and drilling for oil, gas and other minerals and removing the same therefrom, with all the appurtenances, apparatus, tanks, pipe lines, machinery and other devices necessary and requisite to the exercise of this right. This retention and reservation runs with the land, and is binding on the grantees, their heirs and assigns." Grantors prepared the deed and ·had it recorded prior to its delivery to grantees.

Above parties had on November 1, 1943, contracted in writing for the purchase and sale of the tract on the basis that the grantors then owned the surface and all or ⅞ of the minerals. This contract specifically stated that grantors were to except and reserve one-fourth participating

royalty interest. The sale was subject to approval of title. Over objections of appellant, timely urged, appellees introduced evidence to the effect that thereafter and prior to the execution and delivery of the deeds, the buyer discovered that title to one-half of the minerals was then outstanding by virtue of a reservation in a deed executed in 1919, of record, from A. J. Bush and Burr Martin to E. R. Skinner. Later, as a result of further negotiations conducted orally and by letters, the grantors and grantees agreed to complete the original purchase contract with the exception that McLain would accept the surface and one-fourth of the minerals instead of three-fourths as originally contracted for, and the grantors would reserve the one-fourth participating royalty interest.

A letter dated May 19, 1944, written by the bank to McLain and the latter's reply thereto three days later, not only confirms the fact that these parties traded on the basis that grantees would get only one-fourth and grantor would reserve one-fourth, but that grantees desired that the deed remain as written for the reasons as expressed in McLain's reply letter, namely, "I am still searching on this title and there seems to be a chance that we will find some additional filings of record whereby it might merge the title of Andrew J. Bush, Jr., et al. with Adeline Bush, whereby the half-mineral interest reserved in the special warranty deed would pass to us." "It was my intention at the time not to limit our chances of receiving only one-fourth mineral interest * * *." "Notwithstanding all this, if mineral interest reverts back to the subsequent land owner for any cause we feel we would be entitled to profit by same."

A valid oil and gas lease was outstanding at all times pertinent here, which provided for $1 an acre for delayed rentals. Payment of delayed rentals was made to the Bank who in turn remitted $45 or one-fourth to grantor with letter stating such remittance represented grantees' pro rata share. McLain in writing accepted similar remittances for several years.

A deed executed by Beatrice Armstrong and husband and Royal B. Burnett and wife, dated May 21, 1949, and forthwith filed for record, which refers to above mentioned deed and recordation, and which sets out verbatim above reservation clause, purports to convey to Mary A. Bush, a feme sole, the one-fourth participating royalty interest as reserved in the prior conveyance. She later conveyed the interest in trust as next disclosed. The defendants and cross-plaintiffs below, the appellees here, are the First National Bank of Fort Worth trustee for benefit of Beatrice Burnett and Thomas Bush Burnett, minors; Jennifer Burnett, a feme sole; and any other children born to Royal Bruce Burnett. Prior to the institution of this suit Cantrell conveyed his interest in the land to appellant M. L. McLain, the plaintiff and cross-defendant below.

In this suit filed in 1952, approximately nine years subsequent to execution of the deed, appellant seeks to recover from appellees the one-fourth participating royalty interest mentioned in the reservation clause and for removal of cloud on his asserted title. Appellees urged estoppel, laches and stale demand and in their cross-action for reformation of the deed urged mutual mistake and in the alternative "that the alleged mistake if due to grantor was induced by the representation and conduct of appellant." To this latter plea, appellant as cross-defendant urged in bar the four-year statute of limitation, Article 5529, R.C.S.

The trial court denied the relief sought by McLain but reformed the deed as prayed for by appellees in the cross-action by adding and inserting at the beginning of the reservation clause an explanatory or qualifying clause, which reads: "Subject to the reservation of one-half interest in all oil, gas and mineral rights made and reserved in deed from Mary O. Bush et al. to E. R. Skinner, dated October 3, 1919, recorded in Vol. 59, page 342, Wood County deed records, a prior deed in the chain of title." The judgment further decrees "that the grantors in said deed having reserved to themselves an undivided one-

fourth of the mineral estate, such mineral reservation is in no manner altered or changed by this decree."

The disposition of this appeal is controlled by the recent decisions of our Supreme Court in Benge v. Scharbauer., 259 S.W.2d 166. The deed with the reservation clause construed in the cited decision is in all material respects similar to the deed with the reservation clause and covenant of general warranty here involved. Under the rules of construction as set out in above opinion, unnecessary to repeat here, the Supreme Court, gave effect to a reservation clause as here notwithstanding the covenant of general warranty. In referring to Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878, the authority upon which appellant grounded his suit the court states [259 S.W.2d 169]: "The rule of the Duhig case, in order to remedy the breach of warranty, takes from the grantors part of what the deed purported to reserve to them, but that rule should not be extended to change the express agreement as to what interests the grantors shall receive in bonuses, rentals and royalties under leases to be executed by the grantee.

"Such stipulation being a valid provision and having been in the deed at the time of its delivery and acceptance is binding on all parties. Benge accepted the deed and recorded it promptly and is holding title to his lands under the deed and by virtue of its provisions."

The deed with its covenant of general warranty containing the reservation clause as here when construed under the holding in the Benge v. Scharbauer case, invested appellant with all the surface and one-fourth of the minerals subject to the oil and gas lease then outstanding; appellees with one-fourth participating royalty, rents and bonuses; and recognized an outstanding title to one-half of the minerals in a third party. This is the effect of the decree rendered, and the judgment is affirmed.

In view of the disposition of this appeal based upon the construction of the deed involved, we deem it unnecessary to discuss or dispose of the issue of estoppel, stale demand or laches, or of the four-year statute of limitation so urged in the pleadings.

Judgment affirmed.