Luther T. McCLUNG et ux., Petitioners,

v.

C. A. LAWRENCE et ux., Respondents.

No. B-603.

Supreme Court of Texas.

June 26, 1968.

Rehearing Denied July 24, 1968.

Turner & Seaberry, Virgil Seaberry, Eastland, for petitioners.

Sewell & Forbis, James E. Forbis, Decatur, for respondents.

STEAKLEY, Justice.

By a general warranty deed executed on May 14, 1947, and recorded two days later, Petitioners, Luther T. McClung and wife, plaintiffs below, conveyed seventeen separate tracts of land totalling approximately 1,800 acres to Respondents, C. A. Lawrence and wife, defendants below. The general warranty clause was preceded by this reservation which also appears in the consideration clause of the deed:

"The grantors hereby reserving unto themselves one fourth of all of the oil, gas and/or minerals in on or upon the above described land; however the grantees herein their heirs and assigns are hereby empowered and authorized to lease said land for oil gas or other minerals without the joinder of the grantors herein in making any such lease or leases; and it is expressly stipulated that said grantors their heir or assigns shall not participate in any bonus or delay rentals paid grantees under

any such lease or leases upon the leasing of said land the interest of the said grantors their heirs and assigns shall be and become a $\frac{1}{32}$ (one thirty second) royalty interest under such leases it being the intention hereby to reserve and retain in said grantors a non participating $\frac{1}{32}$ royalty interest in and to the oil gas or other minerals in on or under the land hereby conveyed.

"TO HAVE AND TO HOLD the above described premises together with all and singular the rights and appurtenances thereto in anywise belonging unto the said C A Lawrence and Mattie L Lawrence and unto their heirs and assigns forever; and we do hereby bind ourselves our heirs and assigns forever; and we do hereby bind ourselves our heirs executors and administrators to Warrant and Forever Defend all and singular the said premises unto the said C A Lawrence and Mattie L Lawrence and unto their heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

There were outstanding mineral and royalty interests in some of the tracts of land at the time of the conveyance, the existence, but not the extent, of which appear to have been generally known to the parties. Many years later a controversy developed between them. Petitioners claimed they were entitled in all instances to an undivided $\frac{1}{32}$ royalty interest upon the leasing of the tracts by Respondents, and to establish such rights filed this suit in 1963. They sought a favorable construction of the deed in such respects and also sought its reformation upon the theory that by mutual mistake of the parties the deed failed to make clear that the reservation of the nonparticipating royalty interest was in addition to any prior reservations of minerals or royalties in, on or under any of the separate tracts. The answer of Respondents included pleas of limitation and laches in response to which Petitioners specially alleged that neither of them knew or should have known by the exercise of reasonable diligence that the

deed did not conform to the agreement and intention of the parties until less than four years prior to the institution of the suit; and that they had been paid their full $\frac{1}{32}$ nonparticipating royalty interest under division orders executed by both parties or by Respondents alone. Petitioners moved for a summary judgment upon their plea for reformation of the deed. Respondents moved for a summary judgment on the basis that such was barred by the four-year statute of limitation. The trial court granted Respondents' motion and the Court of Civil Appeals affirmed upon the twofold holding that the deed is unambiguous and should be construed favorably to Respondents under the rule of Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W. 2d 878 (1940), and that Petitioners' suit for reformation was barred by the statute of limitation. Tex.Civ.App., 420 S.W.2d 419. We agree that the conveyance calls for aplication of the principal of *Duhig* but disagree with the latter holding.

■ It was held in *Duhig* that the grantor in a general warranty deed is estopped to claim title to an interest reserved therein when to permit him to do so would, in effect, breach his warranty with respect to the title and interest which the deed purports to convey. Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959). Petitioners, however, rely on Benge v. Scharbauer, 152 Tex. 447, 259 S.W.2d 166 (1953), and upon McLain v. First Nat. Bank of Fort Worth, 263 S.W.2d 324 (Tex.Civ.App. 1953, writ ref., n. r. e.), in urging the inapplicability of *Duhig* here. In *Scharbauer* the conveyance by general warranty deed was of six sections of land against which there was an outstanding $\frac{1}{4}$ full mineral interest. The grantors reserved a $\frac{3}{8}$ interest in the oil, gas and other minerals with the grantee authorized to execute oil, gas and mineral leases, subject to the crucial provision "but said leases shall provide for the payment of three-eighths ($\frac{3}{8}$ths) of all bonuses, rentals, and royalties to the grantors." It was held that the grantees acquired a full $\frac{5}{8}$ mineral interest (leaving

the grantors only ⅛ because of the outstanding ¼); but that the contractual provision that the grantors should be paid ⅜ of all bonuses, rentals and royalties was binding on the grantee. It was observed that the owners of mineral interests are free to agree that their fractional interests in bonuses, rentals and royalties will not be the same as their fractional mineral interests, and the instrument was construed as a plain and formal expression of such an intent. In McLain v. First Nat. Bank of Fort Worth, supra, the conveyance as reformed pursuant to proof of negotiations and agreements of the parties was ruled by *Scharbauer;* it was held that the agreement of the parties as to bonuses, delay rentals and royalties as thus established was separately effective from the reservation of one-fourth of one-eighth of the oil produced from the land.

■ The contractual provisions which were determinative in *Scharbauer* and *Mc-Lain* are not present in the words of the deed here. The instrument does not require that it be provided in leases which Respondents were authorized to execute that Petitioners be paid ⅛₂ of the royalties. To the contrary, the royalty interest provision is written in terms of a reservation of a nonparticipating royalty interest "in and to the oil gas or other minerals in on or under the land hereby conveyed," and the interests would normally correspond, i. e., ¼ of the usual ⅛ royalty reservation. But in any event, the royalty interest reserved by Petitioners arises by virtue of the mineral reservation upon the leasing of the tracts of land by Respondents; as stated in the royalty clause, the reserved mineral interest of Petitioners "shall be and become a ⅛₂ (one thirty second) royalty interest under such leases." The problem here is that there were outstanding mineral and royalty interests in some of the seventeen tracts of land, the nature and extent of which are not clear from the record. Under the rule of *Duhig,* and as to each separate tract, cf. Forrest v. Hanson, 424 S.W.2d 899 (Tex.Sup.1968), Respondents

are to be made whole from the reserved interests before Petitioners may enjoy the mineral and royalty reservations; otherwise, Petitioners would be permitted to breach their warranty with respect to the title and interests which the deed purported to convey.

■ As before noted, Petitioners alternatively sought a reformation of the deed upon allegations that by mutual mistake of the parties the instrument failed to clearly provide that the reservation of the royalty interest was in addition to any prior reservations of minerals or royalties with respect to any of the separate tracts. Respondents' motion for summary judgment against Petitioners' suit for reformation rested upon the fact that the deed was executed by Petitioners and filed for record in May, 1947, approximately sixteen years prior to the institution of the suit. It was the opinion of the Court of Civil Appeals that as a matter of law Petitioners were charged with knowledge of the provisions of the deed from the date of its execution, and that limitation commenced to run against them from such date. Kahanek v. Kahanek, 192 S.W.2d 174 (Tex.Civ.App.1946, no writ), and Kennedy v. Brown, 113 S.W.2d 1018 (Tex. Civ.App.1938, writ dism.), were cited as the principal supporting authorities. These cases considered suits instituted by the grantors in the respective deeds seeking their reformation upon allegations that certain reservations of mineral rights had been entirely omitted from the deeds, a fact plainly evident. The equitable relief there sought was not founded upon a mistake of the parties as to the legal effect of the instruments. In Miles v. Martin, supra, on the other hand, the circumstances shown by the record were such that the parties may have been mutually mistaken as to the legal effect of the deed in question, and it was recognized that equity will grant relief against such a mistake of law if otherwise warranted. It was held that in such a situation the statute of limitation will commence to run when

the mistake was, or in the exercise of reasonable diligence should have been, discovered. This rule is controlling here, and the judgments below are reversed and the cause is remanded for trial in view of the indications in the summary judgment record of issues of fact in these respects.

It is so ordered.