Robert MALLORY et al., Appellants,

v.

DOROTHY PRINZHORN REAL ESTATE, INC., Appellee.

No. 4874.

Court of Civil Appeals of Texas, Eastland.

March 11, 1976.

Larry S. Parnass, Irving, for appellants.

William M. Jones, Dallas, for appellee.

WALTER, Justice.

Dorothy Prinzhorn Real Estate, Inc. recovered a summary judgment against Robert Mallory, individually, and Robert Mallory & Associates, Inc. plus attorney's fees. The defendants have appealed.

Plaintiff negotiated a contract for the sale of real estate from William M. Jones to Libra Properties, Inc. In support of its motion for summary judgment, the plaintiff filed the affidavit of its President, Richard L. Clements.

In its motion for summary judgment, the plaintiff says:

"Defendant's original answer is insufficient to raise a controverted fact issue."

The amendment to Rule 166–A, effective January 1, 1971, provides:

"(c) Motion and Proceedings Thereon. The motion for summary judgment shall state the specific grounds therefor."

Plaintiff's motion for summary judgment does not comply with this amendment.

In Mr. Clements' affidavit, he says, " . . . a copy of said contract having been heretofore filed in the above cause, and incorporated herein by reference." Attached to plaintiff's original petition we find a copy of the contract. Rule 166–A, T.R.C.P. provides:

"Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

No sworn or certified copy of the contract was attached to Mr. Clements' affidavit.

In *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274 (1961), the court said:

"We hold, however, that a compliance with Rule 166–A(e) required that the certified copies of the documents referred to should be attached to the motion. There were no papers, records, or other documents from said Cause No. 58–68 attached to the motion by either sworn or certified copies. Since the matters referred to were court records, certified copies should have been attached to the motion; therefore, defendants had not complied with the provisions of Rule 166–A and were not entitled to a summary judgment."

Mr. Clements' affidavit constitutes the only summary judgment proof offered in support of plaintiff's motion for summary judgment. He is president of the plaintiff corporation and is an interested witness. The general rule is that the testimony of an interested witness does no more than raise an issue of fact. There are exceptions to this rule which are not applicable. *In Re, James T. Taylor and Son, Inc. v. Arlington Independent School District,* 160 Tex. 617, 335 S.W.2d 371 (1960).

The judgment recites, "The court having also considered the evidence concerning attorney's fees, . . . " The only summary judgment evidence contained in the record is Mr. Clements' affidavit and there is no mention of attorney's fees. There is no indication in the record how this evidence on attorney's fees was presented. Oral testimony is prohibited by the summary judgment rule and the State Bar Minimum Fee Schedule is not conclusive. In *Coward v. Gateway National Bank of Beaumont,* 525 S.W.2d 857 (Tex.1975), the court said:

"Article 2226, Vernon's Ann.Tex.Civ.St., authorizes the recovery of a reasonable amount as attorney's fees where certain types of claims are not paid or satisfied thirty days after presentment and judg-

ment is finally obtained thereon. The statute was amended in 1971 to add the following provisions:

> The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence.
>
> In our opinion the quoted provisions apply only in suits to establish one or more of the claims covered by the statute, and the fee suggested in the State Bar Minimum Fee Schedule is not conclusive even when there is no evidence to the contrary."

The judgment is reversed and the cause remanded.