Fred HADDAD, Appellant,

v.

Virgil R. (Pete) BOON and Elmer V. Jones, Appellees.

No. 8775.

Court of Civil Appeals of Texas, Amarillo.

Aug. 24, 1977.

Law Offices of Philip S. Kouri, P. C., and Associates, Philip S. Kouri, Charles J. Mason, Jr., Thomas W. Schueller, Wichita Falls, for appellant.

Heatly & Heatly, W. H. Heatly, Paducah, for Virgil R. Boon.

ELLIS, Chief Justice.

In this appeal of a summary judgment case, the basic question involves the plaintiff's right to recover a fractional non-participating royalty interest reserved when a remote grantor conveyed the property in question. The grant, however, did not except a prior outstanding royalty interest. Fred Haddad, plaintiff-appellant, challenges the judgment rendered and contends that he is entitled to recover a certain $\frac{1}{32}$ non-participating royalty interest reserved by Virgil R. (Pete) Boon, defendant-appellee, because Boon's warranty deed purported to convey more mineral rights than Boon owned.

The district court granted separate motions for summary judgment for defendant Boon and his immediate grantee, defendant Elmer V. Jones. The court ordered that defendant Boon recover the disputed $\frac{1}{32}$ non-participating royalty interest from the plaintiff, and that Haddad take nothing from Jones. By this appeal, Haddad seeks only to reverse the summary judgment granted in favor of Boon. We reverse and remand.

In 1956, Ewell Walker reserved an undivided $\frac{1}{16}$ royalty interest when he conveyed a tract of land in King County to the Veterans Land Board of Texas. That same year appellee Boon purchased the land from the Land Board except for the $\frac{1}{16}$ royalty reserved to Walker. This suit arises from the 1965 conveyance by Boon to Jones. The warranty deed purported to convey all of the surface and minerals except a $\frac{1}{32}$ non-

participating royalty interest reserved by Boon. No mention was made of the prior outstanding $\frac{1}{16}$ royalty interest in Walker. All parties agree that they are bound by the prior Walker reservation. This dispute focuses upon the status of Boon's $\frac{1}{32}$ reservation.

In 1966, Jones conveyed the land to Haddad by general warranty deed without excepting either the Walker $\frac{1}{16}$ royalty reservation or the Boon $\frac{1}{32}$ royalty reservation. In the fall of 1975, the respective royalty interests became important when an exploratory gas well was completed and production obtained.

Appellant Haddad filed this suit on December 18, 1975, seeking adjudication of his rights to the $\frac{1}{32}$ royalty interest retained by appellee Boon. Haddad sought to establish his interest by declaratory judgment, removal of cloud from his title and trespass to try title. Haddad's claim was based on the doctrine established by the supreme court in *Duhig v. Peavy-Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940). *Duhig* applies when a grantor purports to convey a mineral or royalty interest without excepting the part of the interest conveyed. Because both grantor and grantee take subject to the prior outstanding interest, the question posed by *Duhig* is: Who should bear the loss from the overconveyance? The court held that the grantor should bear the loss. The court sought "to make the grantee whole." *McClung v. Lawrence*, 430 S.W.2d 179 (Tex.1968). This was accomplished by adopting the principles of the doctrine of after acquired title. Because the grantor's overconveyance breached his warranty of title at the moment of execution, the grantor is not allowed to assert title in the interest he reserved. Thus, the grantee and those claiming under him are to be made whole from the grantor's reserved interest before the grantor or those claiming under him may claim it.

In the instant case, Boon responded that he and Jones knew of the outstanding Walker reservation and sought to reform their deed to except the prior $\frac{1}{16}$ reservation on the basis of mutual mistake. Such

a reformation would defeat Haddad's claim to the Boon reservation by removing the case from the application of *Duhig* because the deed's grant and warranty clauses would be subject to the exception not shown on the face of the deed.

The trial court did not pass on Boon's attempt to reform his deed to Jones. Instead, the court overruled Haddad's motion for summary judgment and granted defendants' motions for summary judgment which asserted that Haddad's causes of action were barred by the statutes of limitations for adverse possession, Tex.Rev.Civ. Stat.Ann. arts. 5507, 5509 and 5510. The trial court also ordered that appellee Boon recover from Haddad a $\frac{1}{32}$ non-participating royalty interest.

Haddad's appeal is predicated upon five points of error. In his first three points, Haddad asserts that the trial court erred in holding that his respective causes of action for declaratory judgment, removal of cloud from title, and trespass to try title were barred by limitations. His fourth point asserts that his causes are not barred by laches. By his fifth point he contends that the court erroneously awarded the $\frac{1}{32}$ royalty interest to Boon.

To be entitled to the summary judgment rendered vesting him with title to the undivided $\frac{1}{32}$ non-participating royalty interest, defendant Boon was required to meet the causes of action pleaded by plaintiff Haddad and to demonstrate that Haddad cannot prevail. *Cook v. Brundidge, Fountain, Elliott & Churchill,* 533 S.W.2d 751, 759 (Tex.1976). Procedurally, Boon was required to state in his motion the specific grounds on which he relied for summary judgment. Rule 166–A(c), Texas Rules of Civil Procedure. *Moody v. Temple Nat. Bank,* 545 S.W.2d 289 (Tex.Civ.App.—Austin 1977, no writ); *Mallory v. Dorothy Prinzhorn Real Estate,* 535 S.W.2d 371 (Tex. Civ.App.—Eastland 1976, no writ). The specific ground stated by Boon is that he reserved to himself an undivided $\frac{1}{32}$ non-participating royalty interest in his deed to Jones and that Haddad's claim to that interest is barred by limitations. The ground

necessarily entails Boon's assertion of his title to, and only by virtue of, the interest reserved in his deed; however, to permit that assertion in the face of Boon's failure to account in his deed for the undivided $\frac{1}{16}$ non-participating royalty interest previously reserved by Walker would breach Boon's warranty with respect to the title and interest his deed purports to convey. Therefore, by authority of *Duhig v. Peavy-Moore Lumber Co., Inc., supra,* Boon is estopped to assert, in contradiction or breach of his warranty, such title against one (Haddad) who claims under Boon's deed. Consequently, Boon has not summarily demonstrated that Haddad cannot prevail on one or more of his pleaded causes of action. Haddad's points of error are sustained.

Accordingly, the summary judgment rendered in favor of Boon must be reversed and the cause remanded.