**Fred HADDAD**

v.

**Virgil R. (Pete) BOON et al.**

**No. 9157.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 26, 1980.

Second Motion for Rehearing Denied Dec. 17, 1980.

Law Offices of Schueller & Mason, T. W. Schueller and Charles J. Mason, Wichita Falls, for appellant.

Williams, Broughton & Forbis, John T. Forbis, Childress, Heatly & Heatly, Paducah, for appellees.

## ON MOTION FOR REHEARING

DODSON, Justice.

We withdraw our former opinion handed down on 30 September 1980, and substitute this one in its place. In this opinion, we reach the same result and overrule the motion for rehearing.

In this action, Fred Haddad is the appellant and Virgil R. (Pete) Boon is the appellee. The controversy arose over the ownership of an undivided 1/32 non-participating royalty interest in and to certain gas-producing property located in King County, Texas. The case was tried with a jury. After receiving the jury's verdict on eight special issues, the trial court rendered judgment that Haddad take nothing by his action, that a general warranty deed in the common chain of title to the property in

question be reformed, and that Boon recover the royalty interest in question. Haddad appeals from this judgment. Because the trial court erroneously rendered judgment contrary to the jury's answer to a controlling issue, we reverse the judgment and render judgment for Haddad.

This is Haddad's second appeal in this action. In the initial appeal, *Haddad v. Boon*, 557 S.W.2d 805 (Tex.Civ.App.—Amarillo 1977, no writ), this court reversed a summary judgment in favor of Boon and remanded the action to the trial court for a trial on the merits.

The record shows that on 18 December 1975, Haddad filed suit against Boon, Elmer Jones and Wes-Tex Drilling Company, seeking adjudication of his rights to the royalty interest in question by declaratory judgment, removal of cloud from his title, and trespass to try title.[1] On 18 June 1976, Boon filed his first amended answer to Haddad's action and a cross-action against Haddad and Jones seeking reformation of a general warranty deed dated 15 July 1965 which was executed by himself and his wife Helen, as grantors, to Elmer V. Jones, and his wife Ruth. In his cross-action, Boon alleged that he and Jones were mutually mistaken as to the legal effect of the 15 July 1965 deed and that in such deed, he reserved the royalty interest in question.

Boon and Jones filed separate motions for summary judgment. These motions were granted by the trial court. In his initial appeal to this court, Haddad challenged the summary judgment in favor of Boon. In reversing the judgment, the court stated:

> Haddad's claim was based on the doctrine established by the supreme court in *Duhig v. Peavy-Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940). *Duhig* applies when a grantor purports to convey a mineral or royalty interest without excepting the part of the interest conveyed. Because both grantor and grantee take subject to the prior outstanding interest, the question posed by *Duhig* is: Who

should bear the loss from the overconveyance? The court held that the grantor should bear the loss. The court sought "to make the grantee whole." *McClung v. Lawrence*, 430 S.W.2d 179 (Tex.1968).[2]

The record before us shows that Haddad claims title to the royalty interest in question through four pertinent general warranty deeds in the common chain of title. The four pertinent general warranty deeds are paraphrased and discussed below.

By warranty deed dated 2 May 1956, and filed for record in the office of the county clerk of King County, Texas, on 7 May 1958, Ewell Walker and wife, Alma Walker, conveyed to the Veteran's Land Board of the State of Texas all of that certain tract or parcel of land described as the North one-half of Survey No. 7, Block 2, Abstract No. 83, Dallas and Wichita R. R. Co. Lands in King County, Texas, described by metes and bounds as therein set forth, saving and excepting to themselves, their heirs and assigns an undivided $\frac{1}{16}$ royalty interest in and to all of the gas and minerals produced from such property.

By warranty deed dated 28 June 1965, and filed for record in the office of the county clerk of King County, Texas, on 2 August 1965, the Veteran's Land Board of the State of Texas conveyed to Virgil R. Boon, the above-described property. This deed acknowledged and set forth the Walkers' royalty exception as set forth in the 2 May 1956 conveyance.

By warranty deed dated 15 July 1965, and filed for record in the office of the county clerk of King County, Texas, on 2 August 1965, Virgil R. Boon and wife, Helen Boon, conveyed to Elmer V. Jones and wife, Ruth Jones, the above-described real property. This deed contained the following reservations:

> It is specifically understood and agreed between the Grantor and Grantee herein that the Grantor reserves unto himself, his heirs and assigns an undivided one-thirty-second ($\frac{1}{32}$) nonparticipating royal-

---

1. On Haddad's motion, the trial court dismissed without prejudice the actions against Wes-Tex Drilling Company.

2. 557 S.W.2d at 806.

ty interest in and to the above described property.

In this deed, the Boons make no reference to, mention of, or in any manner acknowledge the Walkers' outstanding 1/16 reserved royalty interest.

Then, by warranty deed dated June 1966, and filed for record in the office of the county clerk of King County, Texas, on 30 June 1966, Elmer V. Jones and wife, Ruth Jones, conveyed to Fred Haddad the above-described real property. This deed purported to convey the full fee simple title to the surface and mineral estates. No mention was made of the Walkers' prior royalty exception or the 1/32 royalty reservation by the Boons.

Boon's claim to the 1/32 royalty interest in question is based on his reservation in the general warranty deed to Jones dated 15 July 1965. There being no mention of the Walkers' prior and outstanding 1/16 royalty interest in that deed, the conveyance falls squarely within the doctrine of estoppel by deed pronounced in *Duhig v. Peavy-Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940). In *Duhig*, the Supreme Court determined that a grantor in a general warranty deed is estopped to claim title to an interest reserved therein, when to permit him to do so would, in effect, allow him to breach his warranty with respect to the title and interest which the deed purports to convey.

The *Duhig* doctrine is further explained in *McMahon v. Christman*, 157 Tex. 403, 303 S.W.2d 341, at page 345 (1957), where the court stated:

> The respondents insist here, as they did in their motion for an instructed verdict, that in the final analysis the question in the case is governed by the rule of estoppel laid down in *Duhig v. Peavy-Moore Lbr. Co.*, 135 Tex. 503, 144 S.W.2d 878. In that case a grantor in a deed purported to convey fee simple title to certain land by a deed containing a covenant of general warranty. In the deed the grant-

> or reserved and retained an undivided one-half (½) interest in and to all of the minerals in and under the land. One-half of the minerals in the land had theretofore been severed and on the date of the deed was outstanding in a third person. In that fact situation it was held that the covenant of warranty extended to the surface of the land and to one-half of the minerals therein, that there was an automatic breach of warranty and *that equity would estop the grantor* and those claiming under him *from asserting against the grantee and those claiming under it the title to the one-half of the minerals reserved and retained. The effect of the holding was to take from the grantor the one-half of the minerals retained by him, without reference to or regard for the intention of the parties, and give the same to the grantee in order to fulfill the covenant of general warranty* (emphasis added).

To avoid the effect of the *Duhig* doctrine, Boon filed a cross-action against Haddad and Jones seeking reformation of the 15 July 1965 deed. As stated above, Boon alleged that he and Jones were mutually mistaken as to the legal effect of the deed. Answering Boon's cross-action, Haddad pled the four-year statute of limitation.[3]

Under circumstances similar to those presented in this instance, the Supreme Court, in *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62 (1959), reversed a judgment based on limitations and remanded the case for trial of the grantor's right to the equitable relief of reformation because of an alleged mutual mistake as to the effect of a royalty reservation. *See Brown v. Havard*, 593 S.W.2d 939, 944 (Tex.1980). The deed sought to be reformed in *Miles* had been executed almost six years prior to filing of the action. Among other things, the court determined that the four-year statute of limitations applied to actions of this nature and that such statute of limitations begins "to run when the mistake was, *or in the*

---

**3.** Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958), which states:

> Every action other than for the recovery of real estate, for which no limitation is other-

wise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

exercise of reasonable diligence should have been discovered." 321 S.W.2d at 69 (emphasis added); *McClung v. Lawrence,* 430 S.W.2d 179, 181–82 (Tex.1968). In *Miles* the court further determined, in effect, that the party seeking to establish an interest in the property by reformation of his deed must show that a subsequent grantee of the interest was not a bona fide purchaser. 321 S.W.2d at 67.

In this instance, in response to special issues with numbers corresponding to the answers set forth below, the jury found, among other things:

(1) that all parties to the 15 July 1965 deed from Boon to Jones were mutually mistaken as to the legal effect of the deed;

(2) that the mutual mistake was discovered in 1975;

(3) that the mutual mistake should have been discovered in 1965 by a person of ordinary prudence in the exercise of reasonable diligence.

Contrary to the jury's answer to special issue number three, the trial court rendered judgment providing that Fred Haddad take nothing by his suit; that Virgil R. (Pete) Boon have and recover of and from Fred Haddad "an undivided ⅟₃₂nd nonparticipating royalty interest in and to all of the oil, gas and other minerals, in, under, and that may be produced from the realty [in question]"; and "that the reformation of the deed prayed for by Cross-Plaintiff, Virgil R. (Pete) Boon, is, to the extent necessary to give effect to this judgment, expressly ordered and granted."

Under his first point of error, Haddad contends:

The trial court correctly submitted Special Issue No. 3, inquiring when the mutual mistake should have been discovered by a person of ordinary prudence and [*sic*] the exercise of reasonable diligence. To this question the jury found, as a matter of fact, the year 1965. In light of the jury's answer, the cross-action for reformation was barred after the year 1969, as the cross-action for reformation was filed in 1976. The cross-action of Appellee being barred, the trial court

erred in entering judgment for Boon. Appellant is entitled to a reversal of the District Court's judgment and rendition of a judgment that Boon take nothing by his cross-action, that Appellant be declared the owner of the royalty interest in dispute, and that the cloud cast upon Haddad's title by Boon to Jones be removed.

In his prayer for relief, Haddad requests this court to take the following action:

WHEREFORE, UNDER THE CIRCUMSTANCES, Appellant prays that this Honorable Court reverse the judgment of the District Court awarding Boon reformation and the royalty interest in dispute, and render judgment that (1) Boon take nothing by his cross-action for reformation; (2) Haddad be declared the owner of the royalty interest in dispute; (3) Haddad be awarded title to and possession of the royalty interest in dispute; (4) the cloud cast upon Haddad's title by the purported royalty reservation of Boon be removed; and (5) All costs of this suit and appeal be taxed against Appellee Boon; or in the alternative, that this case be reversed and remanded to the District Court for new trial.

Accordingly, Haddad claims that the judgment should be reversed and judgment rendered for him because the jury's answer to special issue number three determines that Boon's cross-action for reformation of the 15 July 1965 deed is barred by the four-year statute of limitation.

■  As stated above, on 18 June 1976, Boon filed his cross-action for reformation of the 15 July 1965 deed. By its answer to special issue number three, the jury found, in effect, that Boon should have discovered the alleged mutual mistake in 1965. Accordingly, Boon's cross-action for reformation was barred by the four-year statute of limitations after 1969. *Miles v. Martin, supra.* Thus, in this appeal, the controlling question for our determination is whether the trial court erroneously rendered judgment contrary to the jury's answer to special issue number three.

■  In general, the issue of diligence in discovering a mutual mistake which will

toll the running of a statute of limitation is a question for the trier of the facts. *See Hamilton v. Goodson,* 578 S.W.2d 448 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ); *Tarkington v. Beneficial Finance Co. of Port Arthur,* 516 S.W.2d 722 (Tex.Civ. App.—Beaumont 1974, writ ref'd n. r. e.). Furthermore, the party seeking to toll the running of a statute of limitation has the affirmative burden on the issue. *Weaver v. Witt,* 561 S.W.2d 792 (Tex.1977).

■ In response to special issue number two, the jury found that the alleged mutual mistake was discovered in 1975. However, as a fact vital to his recovery on the cross-action, Boon had the affirmative burden of obtaining a favorable jury finding on special issue number three, *i. e.,* that the mutual mistake should have been discovered in 1975 by a person of ordinary prudence in the exercise of reasonable diligence.[4] *Miles v. Martin, supra.* This he did not do. The jury's answer to special issue number three is an unfavorable finding on a fact vital to Boon's recovery. Unless the evidence conclusively establishes that vital fact, the trial court cannot disregard the jury's negative answer on such controlling issue or render judgment contrary thereto. *Brownsville & Matamoros Bridge Co. v. Null,* 578 S.W.2d 774, 780 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.).

■ In his brief, Boon does not contend that he conclusively established a favorable answer to special issue number three. However, by argument under his first counter point, he does contend that there is no evidence to support the jury's answer to such issue. The evidence shows that the 15 July 1965 deed was prepared by a lawyer; that Boon and his wife executed the deed in the lawyer's office; that Boon had knowledge of the prior outstanding royalty interest reserved by the Walkers; that he did not mention this fact to the lawyer; and that he did not inquire into the legal effect of the deed he was executing to Jones. Under the circumstances, the jury could

reasonably infer that by exercising reasonable care Boon should have ascertained the legal effect of the deed in question by simply inquiring into the matter with the lawyer who prepared the deed and that he should have discovered the mistake when he executed the deed to Jones. Accordingly, we conclude that there is evidence of probative force to support the jury's answer to special issue number three.

■ By argument under his first counter point, Boon further maintains that the evidence is factually insufficient to support the jury's answer to special issue number three. In this connection, when the evidence is factually insufficient to support the jury's finding on a material and controlling issue, the trial court may grant a new trial; however, under such circumstances, the court is without authority to disregard the finding and render judgment contrary thereto. *See Brownsville & Matamoros Bridge Co. v. Null, supra,* at 780. Thus, on appeal, if we assume arguendo that the evidence is factually insufficient to support the challenged finding, such challenge will not warrant an affirmance of the judgment. Nevertheless, we have considered all of the evidence and concluded that the jury's answer to special issue number three is not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust.

■ On rehearing, Boon maintains that this court erroneously granted Haddad relief which was not requested in his brief because there are no points of error, no argument and no authorities challenging the take-nothing judgment rendered on his causes of action. We disagree. As stated in *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943):

> Our present briefing rules were adopted for the purpose of simplifying the briefing of cases so that greater attention will be devoted to the presentation of the merits of the appeal, and less attention given to the mechanics of the brief.

> The Court further directed that:

---

4. Or some other date within four years before 18 June 1976, the date Boon filed his cross-action for reformation.

Simply stated, the Court will pass on both the sufficiency and the merits of the "point" in the light of the statement and argument thereunder.

Applying these principles in this instance, we conclude that Haddad's points of error, statements, arguments and prayer for relief are clearly sufficient to call to the court's attention to his contentions that the trial court erroneously rendered judgment contrary to the jury's answer to special issue number three by granting relief to Boon and denying relief to him. In this connection, we direct the parties to the above-quoted contention by Haddad and his quoted prayer for relief.

Further, Boon contends that this court erred in rendering judgment in favor of Haddad on the doctrine of estoppel by deed pronounced in *Duhig v. Peavy-Moore Lumber Company, supra,* because such doctrine was not raised in Haddad's brief by points of error, argument or authorities. Although *Duhig* is not cited in Haddad's brief, we are not aware of any rule or principle of law which limits our consideration and disposition of a case on appeal to the authorities and principles of law discussed and cited in the appellant's brief. This position is particularly appropriate in this instance, because this court, in disposing of the initial appeal in this matter, stated the doctrine pronounced in *Duhig* as part of the law of the case and noted Haddad's reliance thereon. *See Haddad v. Boon, supra,* at 806.

█ It is settled that where the trial court has rendered judgment in favor of the appellee after disregarding the jury's answer to a controlling issue and the appellate court concludes that such action was error, then the appellate court must reverse the judgment of the trial court and render judgment in harmony with the jury's findings unless the appellee presents, by cross-points, grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of a judgment had one been rendered in favor of the appellant. *Billings v. Atkinson,* 489 S.W.2d 858, 861 (Tex.1973); *Jackson v. Ewton,* 411 S.W.2d 715, 717 (Tex. 1967); *De Winne v. Allen,* 154 Tex. 316, 277 S.W.2d 95, 100 (1955); *Pool v. Dickson,* 512

S.W.2d 68, 70 (Tex.Civ.App.—Tyler 1974, no writ); *Wagner v. Betts,* 496 S.W.2d 190, 194 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.).

In this instance, Boon did not file cross-points. Nevertheless, we have considered all of Boon's contentions and conclude that such contentions do not present legal cause for affirming the trial court's judgment. We further conclude that there is evidence of probative force to support the submission of special issue number three and the jury's answer thereto and that the trial court erroneously rendered judgment contrary to the jury's answer to such issue.

Accordingly, we must reverse the judgment of the trial court and render judgment that Virgil R. (Pete) Boon take nothing by his cross-action for reformation of that certain warranty deed executed by himself and wife, Helen Boon, to Elmer V. Jones and wife, Ruth Jones, dated 15 July 1965, filed for record in the office of the county clerk of King County, Texas, on 2 August 1965 and recorded in volume 27 at page 240 of the Deed Records of King County, Texas; and that Fred Haddad have and recover all right, title and interest in and to that certain undivided ⅟₃₂ royalty interest described in the aforesaid warranty deed.