Clement JARZOMBEK and Lynette Jarzombek, Appellants

v.

Ronald Craig RAMSEY Jr., Appellee

No. 04-16-00571-CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: June 14, 2017

APPELLANT ATTORNEY: Robert Maiden, Mckay & Coffey LLP, 609 E. Mockingbird Lane, Victoria, TX 77904, Robert C. McKay, McKay & Coffey LLP, 609 E. Mockingbird Ln, Victoria, TX 77904.

APPELLEE ATTORNEY: Nohl Bryant, Bryant Law PC, 6714 N. New Braunfels Ave., Ste. 205, San Antonio, TX 78209, Noel Lane Stout, Almanza, Blackburn, Dickie & Mitchell LLP, 2301 S Capital Of Texas Hwy Bldg H, Austin, TX 78746-7700, Molly Jean Mitchell, Almanza, Blackburn, Dickie & Mitchell LLP, 2301 S Capital of Texas Hwy Bldg H, Austin, TX 78746-7700.

Sitting: Sandee Bryan Marion, Chief Justice, Marialyn Barnard, Justice, Patricia O. Alvarez, Justice

## OPINION

Patricia O. Alvarez, Justice

Clement and Lynette Jarzombek appeal a final judgment incorporating an order granting a partial summary judgment in favor of Ronald Craig Ramsey Jr. In the order granting the partial summary judgment, the trial court ruled that all of the Jarzombeks' claims against Ramsey were barred by the applicable statute of limitations. The order became final after all of the remaining parties' claims were dismissed or nonsuited.

The sole issue presented on appeal is whether the trial court erred in concluding the discovery rule was not applicable to toll the statute of limitations on the Jarzombeks' cause of action for deed reformation. We affirm the trial court's judgment.

### BACKGROUND

In this appeal, we must decide whether the discovery rule applies in this case where the terms of the deed differ from the terms in the associated contract for sale. Here, the Jarzombeks owned the surface estate to two tracts of land consisting of approximately 62.6 acres (Tract 1) and 64.8 acres (Tract 2). With regard to the mineral estates, the Jarzombeks owned only a 1/16th royalty interest in Tract 1, but they owned the entire mineral estate in Tract 2.

On August 21, 2006, the Jarzombeks and Ramsey executed a real estate contract in which Ramsey agreed to purchase the surface estate of both tracts. With regard to the mineral estates, the contract provided as follows:

> Seller to keep 1/2 of the mineral and royalty interest that he currently owns for a period of 20 years. If there is production of minerals during this period, then the seller will continue to receive the royalties as long as there is production. Seller to convey 1/2 of the mineral and royalty interest that he owns to buyer at closing.

At the closing of the sale on November 16, 2006, the Jarzombeks signed a warranty deed prepared by their attorney, which conveyed both tracts to Ramsey with the following reservation:

> SAVE and EXCEPT, and there is hereby reserved unto Grantor, Grantor's heirs and assigns, an undivided one-thirty-second (1/32) royalty interest in and to all of the oil, gas and other minerals in and under and that may be produced from the above described property, being one-half of the interest owned by the Grantor. It is understood and agreed that Grantor, Grantor's heirs and assigns, shall not participate in the making of any oil, gas or mineral lease covering said property, nor shall Grantor participate in any bonus or bonuses which may be paid for any such lease, nor shall Grantor participate in any rental or shut-in gas well royalty to be paid under any such lease.

> The interest hereby excepted and reserved shall continue in effect for twenty (20) years from the date of this Deed and as long thereafter as oil, gas and other minerals, or any of them, is produced or mined from the land described in this Deed, or from land with which any interest in the land described herein is validly pooled, whether or not in paying quantities.

The deed was filed in the real property records.

On September 3, 2013, the Jarzombeks sued Ramsey and several other defendants for numerous causes of action, including a cause of action for deed reformation, alleging the deed contained an error as a result of either a mutual mistake or a unilateral mistake accompanied by inequitable conduct by Ramsey. Ramsey's answer asserted the affirmative defense of statute of limitations, and Ramsey subsequently filed a motion for summary judgment asserting the Jarzombeks' claims against him were barred by limitations. The Jarzombeks' filed a response to Ramsey's motion, asserting the discovery rule tolled the statute of limitations. As previously noted, the trial court granted summary judgment in favor of Ramsey, and the Jarzombeks appeal.

### STANDARD OF REVIEW

We review a grant of a summary judgment de novo. *Nassar v. Liberty Mut. Fire*

*Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (alteration in original) (quoting *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). To succeed on a traditional motion for summary judgment, the movant must establish "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Nassar*, 508 S.W.3d at 257.

■ "A defendant moving for summary judgment on the affirmative defense of limitations must prove conclusively the elements of that defense." *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 646 (Tex. 2000). "When, as here, the plaintiff pleads the discovery rule as an exception to limitations, the defendant has the burden of negating that exception as well." *Id.*

### APPLICABLE LAW

The sole issue the Jarzombeks present on appeal is whether the trial court erred in concluding their deed reformation claim was barred by limitations. The Jarzombeks contend the Texas Supreme Court's holding in *Cosgrove v. Cade*, 468 S.W.3d 32 (Tex. 2015), does not preclude them from relying on the discovery rule. Instead, the Jarzombeks contends the court's earlier holding in *McClung v. Lawrence*, 430 S.W.2d 179 (Tex. 1968), governs. Ramsey responds *Cosgrove*, not *McClung*, controls.

### A. *McClung v. Lawrence*

In *McClung v. Lawrence*, Luther T. McClung and his wife conveyed seventeen separate tracts of land consisting of approximately 1,800 acres to C.A. Lawrence and his wife. *Id.* at 179. The deed, which was executed on May 14, 1947, contained the following reservation:

The grantors hereby reserving unto themselves one fourth of all of the oil, gas and/or minerals in on or upon the above described land; however the grantees herein their heirs and assigns are hereby empowered and authorized to lease said land for oil gas or other minerals without the joinder of the grantors herein in making any such lease or leases; and it is expressly stipulated that said grantors their heir or assigns shall not participate in any bonus or delay rentals paid grantees under any such lease or leases upon the leasing of said land the interest of the said grantors their heirs and assigns shall be and become a 1/32 (one thirty second) royalty interest under such leases it being the intention hereby to reserve and retain in said grantors a non participating 1/32 royalty interest in and to the oil gas or other minerals in on or under the land hereby conveyed.

*Id.* at 179–80. In 1963, the McClungs sued the Lawrences claiming "they were entitled in all instances to an undivided 1/32 royalty interest upon the leasing of the tracts" they conveyed to the Lawrences. *Id.* at 180. The McClungs alleged the deed should be reformed "to make clear that the reservation of the nonparticipating royalty interest was in addition to any prior reservations of minerals or royalties in, on or under any of the separate tracts." *Id.*

The Lawrences moved for summary judgment, asserting the McClungs' claim was barred by limitations, and the McClungs asserted the discovery rule tolled the limitations period until less than four years before they filed their lawsuit. *Id.* The trial court granted summary judgment in favor of the Lawrences, and the intermediate appellate court affirmed. *Id.*

The Texas Supreme Court noted the intermediate appellate court held that, as a matter of law, the McClungs were

"charged with knowledge of the provisions of the deed from the date of its execution." *Id.* at 181. The court also noted the intermediate appellate court cited the following two cases as principal support for its holding: (1) *Kahanek v. Kahanek*, 192 S.W.2d 174 (Tex. Civ. App.—Galveston 1946, no writ); and (2) *Kennedy v. Brown*, 113 S.W.2d 1018 (Tex. Civ. App.—Amarillo 1938, writ dism'd). *Id.* The court distinguished the cited cases and held the discovery rule applied, reasoning as follows:

> [The cited] cases considered suits instituted by the grantors in the respective deeds seeking their reformation upon allegations that certain reservations of mineral rights had been entirely omitted from the deeds, a fact plainly evident. The equitable relief there sought was not founded upon a mistake of the parties as to the legal effect of the instruments. In *Miles v. Martin, supra* [159 Tex. 336, 321 S.W.2d 62 (1959)] on the other hand, the circumstances shown by the record were such that the parties may have been mutually mistaken as to the legal effect of the deed in question, and it was recognized that equity will grant relief against such a mistake of law if otherwise warranted. It was held that in such a situation the statute of limitation will commence to run when the mistake was, or in the exercise of reasonable diligence should have been, discovered. This rule is controlling here, and the judgments below are reversed and the cause is remanded for trial in view of the indications in the summary judgment record of issues of fact in these respects.

*Id.* at 181–82.

## B.  *Cosgrove v. Cade*

In *Cosgrove v. Cade*, Barbara Cosgrove and Michael and Billie Cade entered into a real estate contract providing that the Cades, as the sellers, would retain all min-eral rights. *Cosgrove v. Cade*, 468 S.W.3d 32, 35 (Tex. 2015). The deed the parties executed at closing conveyed the land in fee simple, including all mineral rights. *Id.* "It [was] undisputed that the deed mistakenly—but unambiguously—failed to reserve [the] mineral rights." *Id.*

More than four years after the deed was recorded, the Cades sued Cosgrove seeking to reform the deed, and both parties moved for summary judgment. *Id.* The trial court concluded the Cades' claims were barred by limitations. *Id.* One of the issues presented on appeal was whether the discovery rule applied. *Id.* at 36–37.

The Texas Supreme Court stated: "At execution, the grantor is charged with immediate knowledge of an unambiguous deed's material terms." *Id.* at 37. Citing prior precedent, the court further noted, "circumstances may exist where a party is charged with knowledge of a mistake in a deed as a matter of law." *Id.* Narrowing its focus to the facts presented, the court held "[p]arties are charged as a matter of law with knowledge of an unambiguous deed's material omissions from the date of its execution, and the statute of limitations runs from that date." *Id.* The court reasoned, "A plainly evident omission on an unambiguous deed's face is not a type of injury for which the discovery rule is available" because such an injury is "inherently discoverable." *Id.* at 36–37. With regard to the Cades, the court held, "They were charged, as a matter of law, with actual knowledge of what the deed included, and excluded, and limitations began to run from the date of execution." *Id.* at 37. The court concluded, "In cases like these which involve an unambiguous deed, the conspicuousness of the mistake shatters any argument to the contrary." *Id.*

## C.  Fourth Court Decisions

This court has decided two appeals applying the Texas Supreme Court's holding

in *Cosgrove*. *See Whitfield v. Ondrej*, No. 04-15-00052-CV, 2016 WL 7383823 (Tex. App.—San Antonio Dec. 21, 2016, no pet.) (mem. op.); *Webb v. Martinez*, No. 04-16-00042-CV, 2016 WL 7234044 (Tex. App.—San Antonio Dec. 14, 2016, no pet.) (mem. op.).

### 1. Webb v. Martinez

In *Webb*, the appellants owned the entire surface estate of the subject property and 75% of the mineral estate. 2016 WL 7234044, at *1. The appellants and Martinez executed a contract of sale in which the appellants agreed to sell the entire property to Martinez but reserved their 75% interest in the mineral estate. *Id.* At the closing in 1998, the appellants executed a deed conveying the entire subject property but reserving appellants' mineral interest as follows:

> SAVE AND EXCEPT and there is hereby reserved unto the [appellants], [their] heirs and assigns, 75% of all of the oil, gas, and other minerals presently owned by [appellants], in and under and that may be produced from the herein described property.

*Id.* (alterations in original).

In 2013, the appellants sued Martinez seeking a reformation of the deed because it should have reserved 100% of the appellants' 75% interest in the mineral estate, not 75% of that interest. *Id.* The appellants alleged the deed unambiguously reserved 100% of their 75% interest and, alternatively, the deed was ambiguous. *Id.* Martinez moved for summary judgment on limitations grounds, and the trial court granted the motion concluding the appellants' claims were time-barred. *Id.*

This court first held the plain language of the deed unambiguously reserved 75% of appellants' 75% interest. *Id.* at *2. This court then noted the statute of limitations for a deed-reformation claim is four years.

*Id.* at *3. Citing *Cosgrove*, this court held a cause of action for deed reformation premised on a mutual mistake accrues "when the mistake first becomes apparent to the parties." *Id.* Because the parties had notice of the mistake when the unambiguous deed was executed, the court held the discovery rule did not apply. *Id.*

### 2. Whitfield v. Ondrej

In *Whitfield*, the Whitfields leased 108.54 acres of land from the appellees. 2016 WL 7383823, at *1. In an addendum to the lease, the Whitfields were given the option to purchase the property. *Id.* The option included all mineral rights except the appellees' royalty interest in a specific lease. *Id.* The addendum further provided, "Negotiation for any Lessor royalty interest to be done on an individual basis outside and not a part of the property purchase agreement." *Id.*

On February 15, 2001, the appellees executed a deed conveying the property to the appellants. *Id.* With regard to the mineral rights, the deed contained the following reservation:

> Grantors do hereby except and reserve under themselves, their heirs, successors and assigns, all of the oil, gas and other minerals of every kind or character (whether similar or dissimilar) on, in, under or that may be produced from the said land above described and every part thereof, together with the right of ingress and egress for the purpose of exploring for, drilling for, producing and marketing said oil, gas and other minerals, including the right to use all or any part of the surface of said land as may be necessary or convenient in connection with all or any of said purposes. The mineral reservation reserved herein shall terminate, upon the cessation and plugging of the producing well which is located on the herein described property or with property with

which the above described property is pooled together with the termination of any or all of the existing lease or leases as to any land described herein. The interest of any such Lessee, its successors and assigns, shall revert to Grantees, their heirs, successors and assigns, provided however that the Grantors, as to any existing oil, gas or other mineral lease or leases, shall be entitled to receive all of any royalties, production payments, shut-in royalties or other payments due or to become due under any such existing lease or leases.

*Id.* at *2.

In 2012, the Whitfields sued the appellees asserting the deed should have conveyed to the Whitfields all of the mineral rights with the exception of the one specific lease referenced in the addendum. *Id.* The appellees moved for summary judgment on the affirmative defense of limitations, which the trial court granted. *Id.*

Citing *Cosgrove*, this court held the discovery rule was inapplicable because the deed, on its face, "plainly and unmistakably reserved the mineral interest in the grantors." *Id.* at *4. This court concluded, "Although the Whitfields argue the reservation of the mineral interest is inconsistent with the language contained in the [addendum to the lease], '[i]n cases like these which involve an unambiguous deed, the conspicuousness of the mistake shatters any argument to the contrary.' " *Id.* (second alteration in original) (quoting *Cosgrove*, 468 S.W.3d at 37).

### ANALYSIS

As this court noted in *Whitfield*, "A deed is only ambiguous if it is subject to two or more reasonable interpretations." *Id.* In this case, the deed unambiguously reserved only a 1/32 royalty interest. Although the reservation in the deed is inconsistent with the language in the real

estate contract, the Jarzombeks "were charged, as a matter of law, with actual knowledge of what the deed included." *See Cosgrove*, 468 S.W.3d at 37. Because the mistake is plainly evident on the face of the deed, the injury resulting from the erroneous reservation was inherently discoverable. *See id.* As a result, the discovery rule is inapplicable, and limitations began to run from the date the deed was executed. *See id.*

The Jarzombeks attempt to distinguish *Cosgrove* on a number of grounds. First, the Jarzombeks assert the deed in *Cosgrove* "omitted any mineral reservation whatsoever," while the deed in the instant case includes a reservation which was simply erroneous. In *Webb* and *Whitfield*, however, this court applied the holding in *Cosgrove* to deeds which did not involve omissions but erroneous reservations. Therefore, we are unpersuaded by this argument.

The Jarzombeks next contend *Cosgrove* is distinguishable because the conveyance in the instant case involved two tracts of land and the reservation was correct with regard to Tract 1. We also disagree with this distinction because the mistake as to Tract 2 was plain and conspicuous on the face of the deed. Instead of reserving one-half of the mineral estate as to Tract 2, the deed reserved only a 1/32 royalty interest. Knowing that the reservation was different for each tract makes the mistake on the face of this deed even more conspicuous.

Finally, the Jarzombeks argue the distinction between minerals and royalties is not obvious to an ordinary person. First, we note the real estate contract made reference to this distinction by stating the Jarzombeks were to retain "1/2 of the mineral and royalty interest." Thus, the real estate contract shows the parties' awareness of a distinction between those two types of interest. In addition, even if the

Jarzombeks were not aware of this distinction, the difference between 1/32 and 1/2 is unmistakable.

### CONCLUSION

We conclude *Cosgrove* controls. Because the deed in question is unambiguous, the Jarzombeks were charged as a matter of law with knowledge of the deed's contents from the date of execution, and "the conspicuousness of the [deed's] mistake shatters any argument" that the discovery rule should apply. *See id.*

The trial court's judgment is affirmed.